## NEWMAN *v.* HAMMOND.

RECEIVER.—*Appointment of.*—A judge has no power to appoint a receiver during vacation, nor has a clerk any power to approve a receiver's bond in vacation.

COURT.—*Power of in Term Time and Vacation.*—Where a law authorizes or contemplates the doing of an act by a court, it is and must be understood that the court in term time may or must do it, and the judge in vacation cannot, unless the power is expressly conferred upon him by law.

From the Ripley Circuit Court.

*E. P. Ferris*, for appellant.

*J. K. Thompson* and *S. S. Harding*, for appellee.

PETTIT, J.—This suit was brought by Phillip D. Hammond, receiver of the Home Insurance Company of Lafayette, Ind., against the appellant, John W. Newman, on a note given for a policy of insurance, and made payable to the company.

There was a demurrer to the complaint for these causes:

" 1. The complaint does not state facts sufficient to constitute a cause of action.

" 2. Because there is a defect of parties plaintiffs."

The demurrer was overruled, exception taken, and this

ruling is assigned for error. We hold that this ruling was error, for which the judgment must be reversed. The complaint shows that the receiver was appointed by the judge in vacation, and not by the court. The receiver's bond was taken and approved by the clerk in vacation, and not by the court. Both of these acts are required by our statute to be done by the court, but not by the judge or clerk in vacation. 2 G. & H. 151, 153, secs. 199 and 201. Where a law authorizes or contemplates the doing of an act by a court, it is and must be understood that the court in term time may or must do it, and the judge in vacation cannot, unless the power is expressly conferred upon him by law. *Ferger* v. *Wesler*, 35 Ind. 53.

There is no law in this State authorizing the judge to appoint a receiver, or the clerk to take and approve his bond in vacation, hence the appointment was void, and the receiver had no legal right to maintain the suit. The court ought to have sustained the demurrer to the complaint, which would have ended the case; hence there are no other questions in the record.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to sustain the demurrer to the complaint.