No. 13,593.

## WAINWRIGHT *v.* SMITH ET AL.

GUARDIAN AND WARD.—*Final Settlement.—Setting Aside.—Fraud.*—Where a guardian, confederating with another, presents to the court a false statement and obtains an order for the payment to the confederate of a claim not properly chargeable against the estate of his ward, there is such fraud as authorizes the setting aside of his final settlement.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellant.

*W. Booth* and *C. D. Potter,* for appellees.

BERKSHIRE, J.—This action was brought to set aside the final settlement and the approval of the final settlement report which the appellant made as the guardian of the appellees.

The errors assigned are, in substance, as follows:

1. The court erred in overruling the demurrer to the complaint.

2. The court erred in its conclusions of law.

3. The court erred in overruling the motion for a new trial.

The complaint charges that, on the 28th day of April, 1882, the appellant was duly appointed guardian of the appellees; that as such guardian he received property belonging to the wards jointly to the value of $127; that, at the September term, 1883, of the Hamilton Circuit Court, the appellant, as guardian, and for the purpose of defrauding his said wards, went to one George Shirts and confederated and conspired with him; that the two prepared an application to said court, which was verified by the appellant, in which they asked an order of the court directing the appellant to pay rent to said Shirts, out of the trust funds in the hands of the appellant belonging to his said wards, for property which the father of the appellees occupied as tenant; and as a reason therefor it

was stated in said application that the said wards were without homes, and without anyone to support them, and that if said rent was not paid the said wards would have to go to the poor-house to live, and be supported by the county; that said application was acted upon by the court, and the order granted directing said guardian to pay rent to said Shirts; that the facts so stated in said application were false; that the said appellees had homes of their own, made their own living, and supported themselves; that their father was amply able to support them and pay his own rent; that, after obtaining said order, the said guardian paid said Shirts $72 for rent; that the appellant knew, when he made the application and obtained said order, that the statements which said application set forth were untrue, and that what was done was for the purpose of defrauding the appellees.

We are of the opinion that the complaint is good, and that the demurrer was rightfully overruled.

If the facts charged are true (and they are admitted by the demurrer), the appellant presented an application to the court which he knew to be false, and thereby obtained an order of the court through which the appellees were wrongfully deprived of over one-half of their estate.

Does the special finding of facts support the complaint? It is not stated in the special finding in so many words that the appellant and Shirts confederated and conspired together to defraud the appellees, nor is it necessary that such a statement should appear in the special finding.

If the appellant and Shirts came together and drew up an application which they knew was not true, and the appellant swore to it and presented it to the court, and thereby obtained an order directing him to pay money to Shirts which he (the appellant) had in his hands as the guardian of the appellees, and, acting upon the order thus obtained, he made payments to the amount of $72, a fraud was practiced not only as to the appellees, but upon the court, to the injury of the appellees.

The foregoing are, in substance, the facts as they appear in the special finding, and they support the substantial allegations contained in the complaint.

We are of the opinion that the court did not err in its conclusions of law.

We have examined the evidence as it appears in the record, and are not prepared to say that there is no evidence tending to sustain the special finding of the court.

The judgment is affirmed, with costs.

