Filed June 4, 1890.

---

No. 14,216.

## WILHITE ET AL. *v.* WILHITE ET AL.

JUDGMENT.—*Action to Set Aside.*—*Infancy.*—*Fraud.*—The plaintiffs in their complaint to set aside for fraud two certain judgments theretofore rendered against them while they were minors, alleged that in an action in which it was averred that the plaintiffs' grantor, to defraud his creditors, had conveyed certain real estate to the plaintiffs, a judgment was taken subjecting said real estate to sale to satisfy a judgment held against such grantor; that no guardian *ad litem* was appointed for them in such suit, or any appearance made by them therein; that the fact of their minority was concealed from the court, etc.; that the purchaser's assignee subsequently brought his action to quiet title; that they were personally served with process; that before the return day of the summons a guardian *ad litem* was appointed for them, now almost twenty years of age, without their knowledge or consent; that in the trial at once had the guardian admitted the averments of the complaint, and judgment was rendered quieting title.

*Held*, that while the action of the court in rendering judgment before the appearance day was irregular, fraud is not shown, it not appearing that by any imposition upon the court it was induced to dispose of the case before the appearance day, or that plaintiffs were prevented from ap-

pearing to the action upon that day, to which, it will be presumed, they would have been permitted to make an active defence, or otherwise have been able to protect their rights.

From the Montgomery Circuit Court.

*M. E. Clodfelter, T. E. Ballard* and *E. E. Ballard,* for appellants.

*W. H. Thompson, J. West, J. E. Humphries* and *G. D. Hurley,* for appellees.

BERKSHIRE, C. J.—The appellants filed their complaint in two paragraphs, to each of which the appellees filed demurrers which the court sustained, and the appellants excepted, and relying upon these exceptions refused to amend their complaint, and judgment was rendered against them for want of a complaint.

The errors assigned are, that the court erred in sustaining demurrers to the paragraphs of complaint.

The paragraphs of complaint are quite lengthy. The substance of the first paragraph is as follows :

On the 14th day of November, 1879, and for a long time theretofore, and ever since, the appellants were the owners of the real estate in the said paragraph described ; that until within a few days of the commencement of this action the plaintiffs were minors, and that the transactions and matters of fact complained of all occurred during their minority, and without their knowledge or consent ; that on the 14th day of November, 1879, the appellees Fisher Doherty and Alfred G. McLelland filed in said court their complaint against the appellants and others, to subject the said real estate to the payment of a debt of about $200, therein alleged to be due to them from one James H. Wilhite ; that it was alleged in said complaint that the said James H. Wilhite had purchased the said real estate, paid the full consideration therefor, and to defraud his creditors had caused the same to be conveyed to the appellants ; that on the 7th day of October, 1880, the appellants were called to answer to said action, and

failing to appear were defaulted; and upon the same day the said complaint was taken by the court as confessed, and a judgment rendered against them that said conveyance was fraudulent as against the plaintiffs in said action, and a decree entered ordering the sale of said real estate; that the record fails to show that the appellants were ever present in court in person, or by counsel, and in no way discloses that the appellants were infants; that the appellants were not in court at any time during the pendency of said trial; that no *guardian ad litem* was appointed for them, and no person appeared for them in any capacity; that said judgment and decree were rendered on said default without evidence; that when said complaint was filed and said default taken the said Fisher Doherty, Alfred G. McLelland, and Harvey T. Wilhite, well knew that the appellants were minors, under fifteen years of age, and concealed that fact from the court in order that said judgment might be obtained by default; that at the time said complaint was filed, said default taken, and said judgment rendered, the appellants had a good and valid defence to said action; that they were the owners in fee of said real estate, having purchased the same and paid full value therefor; that said James H. Wilhite did not have any interest therein; that said real estate was not conveyed to the appellants for the purpose of defrauding creditors, and that some of the material allegations in the complaint were true, as against the appellants; that afterwards, and on the 13th day of April, 1881, pursuant to a certified copy of said judgment and decree, the sheriff of said county of Montgomery, sold said real estate to the judgment plaintiffs in said action for the exact amount of the judgment rendered on the said alleged indebtedness, and the costs accruing in said action; that afterwards, and before the year of redemption expired, the said purchasers assigned their sheriff's certificate to the appellee Harvey T. Wilhite, and when the year of redemption expired he obtained a sheriff's deed for said real estate; that, on the 10th day of September, 1885,

the appellee Harvey T. Wilhite filed in said court his complaint against the appellants and others to quiet his alleged title to said real estate ; that at said time the only right or title held by him was such as he derived from said sheriff's sale and deed; that, at the time of filing said complaint, by endorsement thereon, the summons was made returnable September 22d, 1885 ; that the clerk of said court issued said summons on said 10th day of September, returnable on said 22d day of September, and on the 12th day of said month of September the said summons was served on the appellants by reading, and on the 15th day of said month, without the knowledge or consent of the appellants, the court appointed W. S. Moffett, Esq., guardian *ad litem* for the appellants, and immediately following his appointment said Moffett filed an answer in general denial of the complaint, and agreed that said cause might then and there be tried by the court, and admitted in open court that the allegations of the complaint were true, and that the appellants had no title or interest in or to said real estate, or any portion thereof, and it was then agreed in open court between the appellee Wilhite and the said Moffett, that the finding of the court and judgment should be in favor of the said appellee ; that thereupon, on said 15th day of September, 1885, the said court, in pursuance of said admissions and agreement made by said Moffett and the said appellee, did enter of record a finding for said appellee as upon a trial, and did render judgment in accordance with its finding, and quieting the title of the said appellee in and to the said real estate as against the appellants ; that the records of said court disclose that said summons was issued on the 10th day of September, and made returnable on the 22d day of said month ; that the summons was served on the appellants on September 12th, and on the 15th day thereof the court appointed a guardian *ad litem* for the appellants, and the trial had on the same day ; that the said record does not disclose that the appellants did not personally appear in said court and consent to

the appointment of said guardian *ad litem,* or that they were not present at said time, and does not disclose that said admissions and agreement were made upon which the court found for the said appellee, and on which final judgment was rendered for him; that in truth and in fact the appellants did not appear in court and consent to the appointment of said guardian *ad litem,* and were not present at any time prior thereto.

The second paragraph of the complaint is the same as the first, except that it alleges that the appellants had no notice whatever of the first action.

It is well settled by many decisions of this court that a judgment may be impeached on the ground of fraud.

A proceeding instituted to set aside a judgment because of fraud in its obtainment is regarded as a direct, and not as a collateral, attack upon it. *Wainright* v. *Smith,* 117 Ind. 414; *Overton* v. *Rogers,* 99 Ind. 595; *Hogg* v. *Link,* 90 Ind. 346; *Earle* v. *Earle,* 91 Ind. 27; *Duringer* v. *Moschino,* 93 Ind. 495.

Conceding, but not deciding, that the facts alleged in either paragraph of the complaint as to the first action and judgment referred to therein are sufficient to taint the judgment with fraud, and that but for the second suit and the judgment thereon rendered, the paragraphs of complaint would be good, if there was no fraud in the proceedings and judgment in the second action, then the paragraphs are not good on the ground of fraud.

In an action brought by a person to impeach a judgment taken against him while an infant because of an alleged fraud, as a circumstance to be considered with other circumstances, the age of such person at the time the judgment was taken ought to be considered.

What might be a fraud upon an infant in its cradle might not be so against a full grown man, lacking but a few days or weeks of freedom from his disability.

According to what appears in the record the appellants

were nearly twenty years of age when the appellee Wilhite commenced his action to quiet title, and for all that is made to appear in the record, were as capable of looking after their rights and interests as they were one year later when they commenced the present action.

It is alleged that they were personally served with process. It is true that the averments in the complaint disclose the fact that the appellants were not summoned to appear until the 22d day of September, and that the court appointed a guardian *ad litem,* and heard the case and gave judgment on the 15th day of said month, and that the appellants were not in court on that day, nor on any day prior thereto; but for all that is averred in the complaint they may have been in court on the next day, and because of the presumption which always prevails in favor of good faith and honesty, we must presume that they were there on the day they were summoned to appear, in obedience to the command of the summons.

If there was an averment that they were not present during the term, and were kept away as the result of some wrongful act of the appellee Wilhite, the case would present a different phase.

The appellee had the right to commence his action against the appellants to quiet his title to the real estate, notwithstanding they were minors; the court had jurisdiction of the subject-matter, and of the parties.

So far as we are informed, the appellants were not prevented from appearing to the action and protecting their rights.

It does not appear that the court was in any way imposed upon whereby it was induced to take up the case in advance of the return day and dispose of it.

No doubt if the appellants had gone into court on the 22d day of September and called the attention of the court to the fact that the proceedings taken by the court were premature, and that they desired to make an active defence to the ac-

tion, the opportunity so to do would have been afforded them ; if not they could have had the record in such a condition as to have taken an appeal to this court, which would have been successful.

But this they did not do, and for their failure no excuse is offered ; and if their rights have been prejudiced they may attribute it to their own negligence, and in such cases equity affords no relief.

The proceedings of the court in taking steps in the action, and giving judgment in advance of the return day of the summons, were irregular, and it may have been such an error that in a direct proceeding would have reversed the judgment; but when the question of fraud is eliminated from the complaint its further allegations are, in their character, but a collateral attack upon the judgment and proceedings in the action of the appellee Wilhite, in which he sought to have his title to the real estate in question quieted ; and it is too well settled to require the citation of authorities that the courts will not entertain collateral attacks on judgments which, at most, are only erroneous.

Although the return day of the summons had not arrived, and the appellants were, therefore, not bound to appear when the court heard the case and gave judgment, yet the summons had been issued, some notice had been given, and it was sufficient to enable the court to decide the question of jurisdiction over the person, and if it decided the question wrong its decision was erroneous, but not void, and can not be attacked collaterally.　See *Essig* v. *Lower*, 120 Ind. 239, and cases cited.

We find no error in the record.

Judgment affirmed with costs.

Filed June 4, 1890.