## BENEDICT *et al.* v. RALYA.

1. Section 4828, Comp. Laws, providing that the district courts are always open for the purposes therein declared, is not repugnant to the state constitution, and therefore not repealed by it, but is in full force as the law of the state, and applies to the circuit courts of the state, as the successors of the district courts of the territory.

2. Under the provisions of said Section 4828, the circuit court in Brookings county may properly hear and determine a motion for the discharge of a warrant of attachment in a case pending in Clark county; both counties being situated in the same judicial circuit.

3. In this case the proofs *held* not sufficient to justify the continuance of the warrant of attachment, and that the same was properly discharged.

(Syllabus by the Court. Argued April 26, 1890. Opinion filed June 25, 1890.)

Appeal from circuit court, Clark county. Hon. J. O. ANDREWS, Judge.

Motion to discharge a warrant of attachment. Allowed. Plaintiff appeals. Affirmed.

The material facts are stated in the opinion.

*Glass & Van Buskirk* for appellant.

The constitution provides that at least one term of the circuit court shall be held annually in each organized county; that special terms of said court may be held under such regulations as may be prescribed by law; and that until the legislature shall fix the terms of court the judges of the different courts shall fix the terms thereof. Sections 27, 28 and 33 of Art. 5 of the Con-

stitution. It is apparent from these provisions that it was intended to abolish the old system established in § 4828 Comp. Laws, that the courts were always open for all purposes, and to establish the rule that neither the judge or the court could hear and determine matters out of the county where the suit was pending and where no term of court had been fixed. Forcheimer v. Tarble, 1 So. 695; Newman v. Hammond, 46 Ind. 119; Garlick v. Dunn, 42 Ala. 404. The order in this case being made by the court out of the county in which the suit was pending and where no term of court had been fixed, is void. Hammock v. Loan & Trust Co., 105 U. S. 83; U. S. v. Lockwood, 1 Pinn. 364; Blair v. Reading, 90 Ill. 609.

*Mellette & Mellette* for respondent.

A legislative act will not be declared void and unconstitutional except in a clear case. Bank of Hamilton v. Lisle, 2 Pet. 492; Ogden v. Saunders, 12 Wheat. 213. The presumption is in favor of constitutionality. People v. R. R. Co., 35 Cal. 606; State v. Cooper, 5 Blackf 258; Ter. v. Van Gascon, 6 Pac. 30; People v. Draiper, 15 N. Y. 532; Inkster v. Carver, 16 Mich. 488; *in re* Carlos Oliverez, 21 Cal. 415; Cherokee v. State, 13 Pac. 558; R. R. Co. v. Riblet, 66 Pa. 164; Powell v. Commonwealth, 7 At. 913. Where a legislative act can be so construed as to avoid conflict with the constitution, courts will always favor such a construction. Newland v. March, 19 Ill., 376; Rossvelt v. Goddard, 52 Barb. 533; Colwell v. May, 19 N. J. Eq. 245.

KELLAM, J. This action was commenced in the district court of Clark county, then in the fifth judicial district of the territory of Dakota, and a warrant of attachment issued therein. Subsequently, and after the admission of the State of South Dakota—the county of Clark, in which said action was still pending, being in the third judicial circuit of said state—defendant and appellant moved to discharge said warrant of attachment before the circuit judge of said circuit. Objection being made to the authority of the judge to hear such motion, an order was then and there made by said judge upon the plaintiff and appellant to show cause on a future day, before the said court at Brookings, in Brookings county, also in said judicial

circuit, why such warrant of attachment should not be discharged, at which time and place plaintiffs appeared specially, and, having filed an affidavit that no order had been made by the judge calling or fixing terms for the counties of said judicial circuit, objected to the jurisdiction of the court to hear or entertain such application, for the reason "that neither the court, nor the judge thereof, can entertain a motion to dissolve the attachment in this case except while sitting as a court at a regular or special term in and for said county of Clark." The court overruled this objection, and heard and decided said motion; and such ruling is assigned as the first error complained of in this appeal.

By the establishment of the state government under the provisions of the act of congress usually known as the "Omnibus Bill," and the state constitution, the circuit courts of the state became the successors of the district courts of the territory; and all territorial laws regulating the jurisdiction of the former, and the manner of its exercise, became at once applicable to the latter, except so far as such laws were inconsistent with the provisions of the new constitution. Section 4828, Comp. Laws, in force prior to and at the time of the adoption of the constitution, is as follows: "These courts [district courts] are always open for the purpose of hearing and determining all actions, special proceedings, motions, and applications, of whatever kind or character, and whether of a civil or criminal nature, arising under the laws of the territory, and of which the district courts have jurisdiction, original or appellate, except issues of fact in civil and criminal actions; and all such actions, special proceedings, motions, and applications may be heard and determined at any place within the judicial district in which is situated the county or judicial subdivision wherein the same is brought or is pending. But issues of fact in civil and criminal actions must be tried in the county or judicial subdivision in which the same is brought, or to which the place of trial is changed," etc. The object of this statutory provision is very apparent, and its effect in conferring and assuring the jurisdiction of the territorial courts in cases like

the one at bar was never, to our knowledge, questioned, but was constantly recognized and utilized in practice.

We think there is no disposition anywhere to dispute the proposition that all territorial laws not inconsistent with the state constitution continued in force in the state of South Da· kota, but it is claimed by appellants' counsel that this law is repugnant to the letter and spirit of the state constitution, and consequently did not survive its adoption; and, in support of such contention, he argues that, inasmuch as the constitution increased the number of judicial circuits and judges, and authorized such judges to fix the terms of their courts until they should be fixed by law, and further provided that special terms of said courts might be held, under such regulations as might be prescribed by law, "it seems apparent that the intent was to abolish the old system of the courts being always open for specified purposes,  *  *  *  and that without special legislation the court could not hear and determine matters pending in Clark county circuit court in any and every place where the judge might, for the time being, be." We are unable, from these several constitutional provisions, to gather the intent suggested by appellants' counsel; and while his concluding proposition, as to the necessity for special or affirmative legislation, is probably true, we think we find such legislation in said Section 4828. That section has precisely the same force as law, as though it were the enactment of the state legislature under the state constitution. In either case the test of its validity is its consistency with the constitution. The constitutional provisions referred to are not essentially different from the statutory provisions in force before and at the adoption of the constitution. Under the old system the judges fixed their terms whenever not definitely fixed by law, and they had power to call other terms whenever public interests required it; and yet neither the legislature nor the courts, so far as we know, ever suspected any want of harmony between these provisions and the one now criticised by appellants' counsel. The constitution provides for regular terms of the circuit court, to be fixed either by the legislature or the judges, and for special terms under

such regulations as may be prescribed by law; but this does not prohibit the legislature from imposing official duties upon these courts at other times than term-time, and from declaring that they shall be deemed open for the transaction of such business, and the discharge of such duties.

The case of Forcheimer v. Tarble, 1 South. Rep, 695, cited by appellants' counsel, is not at all inconsistent with this view, but rather sustains it. There the question was as to the auth ority of a judge, in vacation, in the absence of any enabling statute, to set aside a judgment of the court. The appellate court held that the judge had no such inherent power, very significantly observing that, when the order appealed from was made, the statute of 1879, "empowering circuit judges to exercise in vacation any jurisdiction or power (with a certain qualification as to issues triable by jury) they were then authorized to exercise in term-time, was not in existence." Nor had the act of 1877, as to the trial in vacation of motions involving issues of law in civil cases, been then passed; and the court says: "The statutes referred to were rendered necessary for the exercise in vacation of such power as they confer by the fact that, in common law cases, all such powers appertain to the court, by which was meant the court in a term, regular or special." Newman v. Hammond, 46 Ind. 119, also cited by appellants' counsel, was a similar case. A circuit judge had in vacation appointed a receiver. The statute required such appointment to be made by the court. The appellate court, in its opinion, says: "Where a law authorizes or contemplates the doing of an act by a court, it is and must be understood that the court in term-time may or must do it, and the judge in vacation cannot, unless the power is expressly conferred upon him by law." Garlick v. Dunn, 42 Ala. 404, cited in appellants' brief, is not at present accessible to us.

We do not think it can be maintained that, under the present constitutional provisions, the legislature has no power to confer upon the circuit courts or the judges, jurisdiction to hear and determine applications or motions when not in session at a regular or special term. If such motion may be heard and de-

termined in the county wherein the action in which it is made is pending, we can discover no constitutional objection to the legislature providing by law that it may be so heard in any other county within the territorial jurisdiction of the judge. Section 4828, Comp. Laws, is not, in our judgment, repugnant to any provision of the state constitution, and is therefore in full force as the law of the state. The court below properly entertained the motion to discharge the attachment.

The warrant was issued upon affidavit that the defendant and respondent had secreted a portion of his property with in tent to defraud his creditors, and had disposed of a part of his property with intent to delay them in the collection of their debts. This affidavit was met by a full, particular, and specific denial by the defendant of each allegation, thus putting upon plaintiffs and appellants the burden of sustaining such allegations by further proof. This they attempted to do by other affidavits, which were in turn answered by other affidavits on the part of defendant. Without attempting to consider or analyze these affidavits in detail in this opinion, we think it sufficient to state our conclusion that, upon careful examination, we are satisfied that the burden of proof was not sustained, and that the court below was right in discharging the warrant of attachment. The judgment of the circuit court is affirmed. All the judges concurring.