Cully *v.* Shirk, Executor, *et al.*

Filed March 31, 1892.

———————◆———————

No. 15,666.

## Cully *v.* Shirk, Executor, et al.

JURISDICTION.—*Action to Set Aside Judgment.*—*When Does not Lie.*—A defendant can not maintain a separate and independent action to set aside a judgment, on the ground that it was taken against him by default and without notice, where the return of the sheriff to the summons shows that he was served by copy thereof left at his "last and usual place of residence," and there are no charges of fraud on the part of the plaintiff or the officer, and no allegations of a defence, in whole or part, to the cause of action stated in the complaint. *Nietert* v. *Trentman,* 104 Ind. 390, *Dobbins* v. *McNamara,* 113 Ind. 54, and *Cavanaugh* v. *Smith,* 84 Ind. 380, distinguished.

JUDGMENT.—*What is a Collateral Attack Upon.*—Any attack upon a judgment for want of jurisdiction in the court which rendered it, predicated upon matter *dehors* the record, is a collateral attack.

From the Adams Circuit Court.

*J. T. France* and *J. T. Merryman,* for appellant.

*P. B. Manley* and *E. E. Friedline,* for appellees.

MILLER, J.—This action was brought by the appellant against the appellees to set aside, vacate and declare null and void a judgment and decree of the Adams Circuit Court, rendered against her, in an action to foreclose a mortgage, and to cancel a sheriff's deed, executed in virtue of the judgment and decree.

The judgment is assailed upon the ground that the court was without jurisdiction of the person of the defendant. The complaint alleges that " she never had, at any time, any notice of any kind whatever of the filing of said complaint or the pendency of said action; that the return of said sheriff on said summons, wherein he states that he left a true copy of said summons at the last and usual place of residence of this plaintiff, is wholly false; that no copy of summons or process of any kind in relation to said cause was ever left at the residence of this plaintiff or served on her in any manner whatever; that she never appeared to said cause, in said court, voluntarily or otherwise, and never in any manner submitted herself to its jurisdiction in said action."

This was not an application, under section 396 of the code, to be relieved from a judgment taken against her, through her mistake, inadvertence, surprise or excusable neglect; but was simply a suit to have the judgment set aside, upon the ground that the return of the sheriff, showing that a summons had been served upon her, was untrue; that she never had been served with process, and that, therefore, the court was without jurisdiction of her person when the judgment was rendered.

Cully *v.* Shirk, Executor, *et al.*

There is no claim that the defendants in the action of foreclosure had a meritorious defence, or that the proceedings were not proper and regular upon their face.

The appellees answered this complaint by a general denial. The cause was tried by the court, and, upon request, a special finding of the facts and conclusions of law were returned. The conclusion at which we have arrived, upon the effect to be given to the return of the sheriff, in this class of actions, renders it unnecessary to set out at length the finding of facts and conclusions of law.

The court found that the summons issued in the foreclosure suit was returned by the sheriff with this endorsement:

"Came to hand this 7th day of April, 1888. Served as commanded by leaving a true copy of this writ at the last and usual place of residence of Elizabeth Cully, this 11th day of April, 1888.        PERRY H. LAWTON.

"By J. S. McLeod, Deputy."

This return was regular upon its face, and was such as to fully authorize the court to assume jurisdiction of the person of the defendant. The proceedings of the court, subsequent to that time, appear to be regular. There is no pretence that there was any fraudulent conduct on the part of either the plaintiff or the officer in the service or return of the summons, or that the defendant was not a resident of the county.

Such being the case, we are of the opinion that the return by the sheriff of the service of the process was binding and conclusive upon the parties to the suit, and that neither of them can, as against the other, be permitted to dispute its verity.

In *Nietert* v. *Trentman*, 104 Ind. 390, it was held by a divided court, that in a proceeding under section 396, R. S. 1881, to set aside a default and be relieved from a judgment taken against a defendant who had a meritorious defence, but was prevented from appearing in time to make his defence by " his mistake, inadvertence, surprise or excusable

Cully *v.* Shirk, Executor, *et al.*

neglect," the defendant might, for the sole purpose of show-
ing a sufficient reason for not appearing and making defence,
show that the summons was not, in fact, served upon him.

In the opinion overruling the petition for a rehearing,
ZOLLARS, J., said :

"He can not dispute the service for the purpose of assail-
ing the judgment as void, nor of disputing the jurisdiction
of the court over him ; he can not do this by reason of the
rule invoked by appellees. That rule says, that for the pur-
pose of jurisdiction the return of service by the officer is con-
clusive, although, in fact, there may have been no service."

This case is not within the exceptions to the general rule
that the return of a sheriff is conclusive between the parties,
as declared in that case, and we certainly do not desire to go
any farther in that direction.

The appellant cites and relies upon the case of *Dobbins* v.
*McNamara,* 113 Ind. 54. In that case the complaint al-
leged that the defendant was not a resident of the county
where he was returned as served by copy left at his last and
usual place of residence ; that he never made his home, or
even stayed over night, at the house where the copy was left,
and it also alleged that he was not at that time within the
jurisdiction of the court in which the action was pending.
In connection with these allegations, it was averred that the
pretended service and return to the summons was procured
by the fraud of the attorney of the plaintiff.

The distinction between the cases is marked and impor-
tant. The elements of fraud and the non-residence of the
defendant, lacking in this case, were in that case controlling.
A similar case is that of *Cavanaugh* v. *Smith,* 84 Ind. 380.

We have considered this case upon the ground assumed
by the parties, that the attack upon the judgment was di-
rect, and not collateral. The converse of this rule seems to
be established by the later cases, and the general rule is laid
down that any attack upon a judgment for want of juris-
diction in the court to render it, predicated upon a matter *de-*

hors the record, is collateral.  Harman v. Moore, 112 Ind.
221; Cain v. Goda, 84 Ind. 209; Lantz v. Maffett, 102 Ind.
23; Earle v. Earle, 91 Ind. 27; Indianapolis, etc., R. W. v.
Harmless, 124 Ind. 25.

    Judgment affirmed.

    Filed March 31, 1892.