State *v.* Hindman.

---

## The State *v.* Hindman et al.

[No. 19,694.   Filed January 7, 1903.]

JUDGMENT.—*Collateral Attack.*—*Recognizance.*—*Forfeiture.*—An answer to a complaint in an action upon a recognizance taken by a justice of the peace alleging that defendant was not called at any term of the court, and that no forfeiture of his recognizance was taken, but that after the final adjournment of the court, said court was irregularly convened in the night-time, and that defendant was then called and a forfeiture was taken, constituted a collateral attack upon the action of the court, and was bad against a demurrer, where it did not appear from the complaint or answer that there was anything in the record indicating that the forfeiture was not regularly taken at the proper time.  *pp. 587-591.*

SAME.—*Collateral Attack.*—A cross-complaint in an action on a forfeited recognizance alleging that the judicial proceeding upon which the principal action was in part founded was void for fraud, because in fact taken in vacation, although purporting to have been taken in term, is a direct and not a collateral attack upon the proceedings of the court.  *Harman v. Moore,* 112 Ind. 221 and *Cully v. Shirk,* 131 Ind. 76, disapproved.  *pp. 591, 592.*

APPEAL AND ERROR.—*Harmless Error.*—Overruling a demurrer to a bad answer was harmless, where all the facts which could have been given in evidence under it were admissible under the cross-complaint.  *p. 592.*

JUDGMENT.—*Impeachment.*—*Former Judge as Witness.*—*Competency.*—In an action on a forfeited recognizance bond, a former judge of the court, who directed the forfeiture to be entered, was a competent witness to establish the fact that the forfeiture was taken after the final adjournment of the court.  *p. 593.*

From Greene Circuit Court; *A. G. Cavins,* Special Judge.

Action by the State against Charles Hindman and another on a recognizance bond. From a judgment for defendants, the State appeals. Transferred from Appellate Court, under §1337u Burns 1901.  *Affirmed.*

· *E. W. McIntosh, T. E. Slinkard, W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State. *Seymour Riddle,* for appellees.

DOWLING, J.—Action upon a recognizance, taken by a justice of the peace, the condition of which was that the appellee Charles Hindman should appear before the Greene Circuit Court on the first day of its next term to answer a charge of petit larceny, and abide the judgment of the court. The complaint alleged a breach of the bond, in that the appellee failed to appear. In addition to the general denial, the appellees filed a special plea alleging that the said Charles Hindman was not called at any term of the court, and that no forfeiture of his recognizance was taken; but that after the final adjournment of the court said court was irregularly reconvened in the night-time, and that the appellee was then called and a forfeiture taken. A cross-complaint stating the same facts was filed by the appellees, and a vacation of the order of forfeiture was demanded. Reply in denial of second paragraph of answer. A motion to strike out the cross-complaint and a demurrer to that pleading were overruled. Special reply to second paragraph of answer, alleging that after the adjournment of the Greene Circuit Court, it was regularly reconvened, and the appellee Charles Hindman called and defaulted. A second paragraph of answer to the cross-complaint was filed, alleging the same facts stated in the special reply. Demurrers to the second paragraph of appellant's reply to the second paragraph of appellees' answer, and to the second paragraph of appellant's answer to the cross-complaint, were sustained. A trial by a jury resulted in a verdict for the appellees, and, over a motion for a new trial, judgment was rendered on the verdict.

State *v.* Hindman.

The questions presented are: (1) Whether a defendant in an action upon a recognizance, alleged to have been forfeited, may show by way of defense that the supposed forfeiture was not in fact taken during the term at which the defendant was recognized to appear, but after the final adjournment, and in vacation; and (2) if these facts are not available by way of answer because a collateral attack upon the proceedings of the court as they appear of record, whether they may be taken advantage of by cross-complaint or counterclaim.

The liability of the principal and his sureties upon a recognizance in a criminal case is made to depend upon the neglect of the defendant, without sufficient excuse, to appear for trial or judgment, or upon any other occasion when his presence may be lawfully required according to the condition of his bond. On such failure to appear, the statute provides that the court shall direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited. As soon as the fact of such forfeiture is entered, the prosecuting attorney must proceed against the bail upon the recognizance. §§1790, 1791 Burns 1901, §§1721, 1722 R. S. 1881 and Horner 1901.

Until a forfeiture is taken by the proper court, no action can be maintained upon the recognizance, and the fact of such forfeiture must be alleged in the complaint. *Patterson* v. *State,* 12 Ind. 86; *Votaw* v. *State,* 12 Ind. 497; *Kiser* v. *State,* 13 Ind. 80; *Hawkins* v. *State, ex rel.,* 24 Ind. 288; *Gachenheimer* v. *State,* 28 Ind. 91; *Hannum* v. *State,* 38 Ind. 32; *Friedline* v. *State,* 93 Ind. 366; *Rubush* v. *State,* 112 Ind. 107; *McGuire* v. *State,* 124 Ind. 536. And such forfeiture must be taken at the term at which the defendant is required by his recognizance to appear. It can not be taken at a subsequent term. *Kiser* v. *State,* 13 Ind. 80.

It appears from the answer and the cross-complaint not only that no forfeiture was taken during the term specified in the recognizance, but that the supposed forfeiture

was taken in vacation.   The calling of the defendant, and, upon his neglect to appear, the forfeiture of his recognizance, were judicial acts which could be performed in term time only.   If anything in the record disclosed that such acts were done in vacation, the proceeding would be void. *Newman* v. *Hammond,* 46 Ind. 119; *Davis* v. *Fish,* 1 G. Greene (Iowa) 406, 48 Am. Dec. 387; *In re Terrill,* 52 Kan. 29, 34 Pac. 457, 39 Am. St. 327.

But it did not appear from the complaint, nor was it alleged in the answer, that there was anything in the record indicating that the forfeiture was not regularly taken at the proper time during the term, and while the court was in session.   This being so, the action of the court was not subject to collateral attack, and an attempt by answer setting up fraud, mistake, or any other matter outside the record, to impeach or evade such action was such attack, and the demurrer to the answer should have been sustained.   *Oster* v. *Broe,* 160 Ind. —; *Emerick* v. *Miller, ante,* 317; *Weiss* v. *Guerineau,* 109 Ind. 438, 443, 444; Vanfleet, Collat. Attack, §855; Black, Judgments (2d ed.), §245, and cases cited in note 1, and §§972, 973; *Indianapolis, etc., R. Co.* v. *Harmless,* 124 Ind. 25.

While the validity of the proceedings as they appeared of record could not be questioned by an answer, they were subject to a direct attack for fraud relating to an act in securing jurisdiction, or concerning the trial, or the judicial proceedings themselves.   17 Am. & Eng. Ency. Law (2d ed.), 828, 829.

It is said in Freeman, Judgments (4th ed.), §99, that "The maxim 'that fraud vitiates everything,' is applicable to judgments."   Upon proof of fraud, or collusion in their procurement, they may be vacated at any time.   In *Adams School Tp.* v. *Irwin,* 150 Ind. 12, 17, this court stated the rule in such cases, with its limitations, as follows: "The fraud that will annul or vacate a judgment, is not that arising out of the facts which were actually or necessarily in

issue in the cause in which it was rendered. The rule is that the fraud which vitiates a judgment, must arise out of the acts of the prevailing party, by which his adversary has been prevented from presenting the merits of his side of the case, or by which the jurisdiction of the court has been imposed upon. Or, in other words, the fraud relied on must relate to some act in securing jurisdiction, or as to something done concerning the trial, or the judicial proceedings themselves; and the rule has no application to cases of fraud in the transaction, or matters connected with it, out of which the legal controversy arose."

The adjournment of the court without day ended its power over the business and records of the term. *Newman* v. *Hammond,* 46 Ind. 119; *Ferger* v. *Wesler,* 35 Ind. 53; 1 Ency. Pl. & Pr., 203, and note 3. After such adjournment no defaults could be taken, no judgments rendered, no orders made, or proceedings had as of the term. All persons summoned or recognized to appear at the term, who had not been called, were authorized to depart from the court, to presume that no further proceedings would be taken against them at that term, and to cease their attendance upon the court until its next term. After the announcement of a final adjournment, the statutes gave the judge no authority to reconvene the court, or to hold an adjourned term on the same or on any subsequent day, without the notice prescribed by law. §1443 Burns 1901. The action of any party, or his attorney, in causing defaults to be entered, or judgments to be rendered, after such final adjournment, would, in legal effect, be a fraud upon the person defaulted, or against whom the order or judgment was made or rendered; and for such fraud the judgment, order, or proceeding so obtained could be set aside or vacated in a direct action in the same court, between the same parties or their representatives, for the annulment of the judgment. *Grattan* v. *Matteson,* 51 Iowa 622, 2 N. W. 432; *Scudder*

v. *Jones,* 134 Ind. 547; .*Haggerty* v. *Phillips,* 21 La. Ann. 729.

In *Cotterell* v. *Koon,* 151 Ind. 182, 185, it was said: "An attack upon a judgment for fraud in its procurement - is regarded as a direct attack, which is permitted, notwithstanding the decree or judgment questioned may appear upon its face in all respects regular and valid. * * * It would certainly be a rare instance in which the decree would disclose the fraud or imposition upon the parties or upon the court."

The opinion in *Asbury* v. *Frisz,* 148 Ind. 513, 518, declares: "That a judgment procured by fraud may be attacked directly and set aside in a proceeding instituted for that purpose, has often been decided." See, also, *Hollinger* v. *Reeme,* 138 Ind. 363, 24 L. R. A. 46, 46 Am. St. 402; *Brake* v. *Payne,* 137 Ind. 479, 481; *Thompson* v. *McCorkle,* 136 Ind. 484, 492, 493, 43 Am. St. 334; *Penrose* v. *McKinzie,* 116 Ind. 35; *Weiss* v. *Guerineau,* 109 Ind. 438, 443; *Earle* v. *Earle,* 91 Ind. 27; *Hogg* v. *Link,* 90 Ind. 346. In *Wilhite* v. *Wilhite,* 124 Ind. 226, 230, it is said: "A proceeding instituted to set aside a judgment because of fraud in its obtainment is regarded as a direct, and not as a collateral, attack upon it." *Nichols* v. *Wimmer* (Tex. Sup.), 19 Reporter 475; *People, ex rel.,* v. *Temple,* 103 Cal. 447, 37 Pac. 414; *Zinc Carbonate Co.* v. *First Nat. Bank,* 103 Wis. 125, 79 N. W. 229, 74 Am. St. 845.

The cases of *Harman* v. *Moore,* 112 Ind. 221, 228, and *Cully* v. *Shirk,* 131 Ind. 76, 31 Am. St. 414, holding that any attack upon a judgment apparently valid, the sole purpose of which is to have the judgment declared void by showing facts *de hors* the record, is a collateral attack, and therefore inadmissible, are, so far as they conflict with the rule announced in the present case, disapproved.

In the case before us, the attack upon the judgment is by cross-complaint by the principal and his surety in the recognizance in an action by the State upon the recogni-

zance.  The proceeding by cross-complaint stands upon the footing of an original and independent action, and the judgment may be vacated for fraud in its procurement when impeached in that manner as well as if the same relief had been sought in a separate action.  *Chandler* v. *Citizens Nat. Bank,* 149 Ind. 601, 605; *Anderson* v. *Wilson,* 100 Ind. 402, 405; *Branch* v. *Foust,* 130 Ind. 538, 542; *Watts* v. *Sweeney,* 127 Ind. 116, 22 Am. St. 615.

The purpose of the cross-complaint was to show that the judicial proceeding upon which the principal action was in part founded, was void for fraud, because in fact taken in vacation, although purporting to have been taken in term.  The cross-complaint related to the subject-matter of the original complaint, and did not introduce any new and distinct matter not essential to the determination of the main controversy.  It was, therefore, properly filed in the case.  *Swift* v. *Brumfield,* 76 Ind. 472; *Williams* v. *Boyd,* 75 Ind. 286, 292; *Sterne* v. *First Nat. Bank,* 79 Ind. 560; *Dice* v. *Morris,* 32 Ind. 283, 292.

The court did not err in its refusal to strike out the cross-complaint, nor in its rulings on the demurrers to that pleading.  While the answer was bad for the reasons already given, yet, as all of the facts which could have been given in evidence under it were admissible under the cross-complaint, the error in overruling the demurrer to it was harmless.

The grounds of the motion for a new trial were the admission by the court of evidence to sustain the allegations of the cross-complaint that the forfeiture of the recognizance was taken after the final adjournment of the court, and that the former judge of the court, who directed the forfeiture to be entered, was permitted to testify to facts impeaching the validity of that proceeding.  What has already been said fully covers the principal question presented by the motion.  The trial court did not err in admitting evidence of the final adjournment of the court before the defendant

was called or the forfeiture taken.  We have no doubt whatever as to the competency of the former judge of the Greene Circuit Court as a witness to establish these facts.  Besides, being no longer the judge of the court he stood upon exactly the same footing as any other witness.  §504 Burns 1901; *Jordan* v. *State,* 142 Ind. 422; *State* v. *Duffy,* 57 Conn. 525, 18 Atl. 791; 2 Hawkins, P. C. (6th ed.), chap. 46, §17; *Welcome* v. *Batchelder,* 23 Me. 85.

There is no error in the record.  Judgment affirmed.