POSTAL v. POSTAL.

[No. 24,130. Filed April 4, 1922. Rehearing denied October 10, 1922.]

1. DIVORCE. — *Default Decree on Cross-Complaint.* — *Setting Aside.—Plaintiff's Fraud.*—Plaintiff's fraud in making a false affidavit of residence and filing it with his complaint for divorce gave him no right of action to set aside a default decree granting his wife a divorce on her cross-complaint as having been procured by fraud. p. 381.

2. DIVORCE.— *Decree.* — *Conclusiveness.* — *Insufficiency of Evidence Showing Plaintiff's Residence.—Statutes.*—Where plaintiff, in an action for divorce, filed a complaint and an affidavit, as required by §1066 Burns 1914, §1031 R. S. 1881, containing statements as to his residence in the state and county for the required time, the court acquired jurisdiction to grant a divorce, upon proper proof, and a default decree of divorce rendered on the wife's divorce complaint was binding on the parties until set aside on appeal, or in some other proper proceeding for that purpose, even though the finding as to plaintiff's residence was not supported by sufficient evidence; plaintiff being of sound mind at the time he commenced the action, and defendant being free from fraud. p. 381.

3. JUDGMENT.— *Collateral Attack.— Want of Jurisdiction.*— An attack upon a judgment for want of jurisdiction in the court to render it because of facts not apparent on the face of the record, which fails to show that the judgment was procured by fraud, is a collateral attack, which must fail where the court had jurisdiction of the subject-matter and of the parties. p. 382.

4. APPEAL.—*Rehearing.—Questions Reviewable.—New Points.*— A question not presented for consideration by appellant's orig-

inal brief is not available as a ground for rehearing under Rule 22 of the Supreme Court. p. 383.

5. TRIAL.—*Findings.—Conflict.*—Findings which are in conflict nullify each other. p. 384.

6. JUDGMENT.—*Setting Aside.—Fraud.—Burden of Proof.*—In an action to set aside a judgment on the ground of fraud, plaintiff has the burden of affirmatively establishing that the judgment was procured by fraud. p. 384.

From Lake Superior Court; *Virgil S. Reiter*, Judge.

Action by John S. Postal against Norah Postal. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1394, cl. 2, Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*A. W. Hamilton* and *W. H. Eichhorn*, for appellant.

*Bomberger, Peters & Morthland, Simmons, Dailey & Simmons, Samuel D. Miller, Frank C. Dailey, William H. Thompson* and *Albert L. Rabb*, for appellee.

EWBANK, C. J.—On June 24, 1919, the appellant filed his complaint in the superior court of Lake county, Indiana, asking to set aside a decree of divorce and for alimony, rendered by said court on October 18, 1918. As afterward amended, the complaint alleged that appellee, as cross-complainant in a suit commenced by appellant, obtained the divorce by means of fraud which she practiced upon the court; that the court had no jurisdiction to try or determine the issues in the divorce suit, because neither party to the action was ever, at any time, a resident of Lake county, Indiana; and that at the time he filed his complaint for a divorce, and continuously thereafter until the divorce was granted to appellee, appellant was of unsound mind from the effects of an injury he had sustained. The trial court made a special finding of facts, and stated its conclusions of law thereon, to each of which appellant excepted. Judgment was thereupon rendered, in conformity with the conclusions of law, that appellant take nothing, and that

appellee recover her costs from him. A term appeal was perfected, and appellant has assigned as error that the trial court erred in each of its conclusions of law.

The special finding, so far as material to a decision of the questions here presented, recited: That appellant and appellee were married and certain children were born to them; that on October 29, 1917, appellant filed in said Lake superior court his petition for a divorce from appellee, and filed with it his own affidavit, subscribed and sworn to, pursuant to §1066 Burns 1914, §1031 R. S. 1881, in which he stated, among other things, that he was, and for six months immediately before filing the petition had been, a *bona fide* resident of Lake county, Indiana, which statement was untrue; that summons was served on appellee, and she appeared and filed a cross-complaint, in which she described herself as a resident of Wells county, Indiana, and asked for a divorce from appellant; that when she filed her cross-complaint appellant's petition for a divorce was duly pending; that thereafter appellant requested his attorney, in writing, to dismiss the complaint, and also wrote to the judge of said court to have his complaint dismissed, which letter was turned over by the judge to appellant's attorney, who thereupon withdrew his appearance, and thereafter did nothing in the case, but that appellant never discharged his attorney; that four months later, in October, 1918, the cause was set for trial, but appellant did not have notice of that fact, and did not appear in person or by attorney, and defaulted upon a rule to answer the cross-complaint; that the prosecuting attorney then entered an appearance for appellant and evidence was heard, and a judgment was rendered in favor of appellee, granting her a divorce, with alimony and attorney fees, and a monthly allowance for the support of the youngest child; that this is the judgment described in the petition and sought to be

set aside; that appellant's petition for a divorce was duly pending up to the time said judgment was rendered; that by the filing of appellant's affidavit as to his residence the court was deceived, and induced to believe that he was a resident of Lake county, Indiana, at the time of filing his complaint, and that he had been such resident for at least six months immediately prior thereto; that at no time did the appellee, who was the defendant and cross-complainant in that action, make any representations to the court relative to the residence of appellant, the plaintiff therein; that appellee never entered into an agreement with the appellant to bring said action for divorce in any court of Lake county or elsewhere, and was never guilty of fraud in the institution of the divorce action, either on the petition or the cross-complaint, and never at any time committed any fraud upon the appellant or upon the court or its jurisdiction, and never intended to commit any such fraud; that appellant was of sound mind at and before the time when he filed said petition for a divorce, and at the time the decree of divorce was rendered, and has ever since been of sound mind; that the entry of judgment recited the submission of the cause upon the issues joined on appellant's complaint and appellee's cross-complaint, and further recited that evidence was introduced, and that "the court, having heard the evidence and being sufficiently advised in the premises, finds that it has jurisdiction of the parties and the subject-matter herein; that the material allegations of the cross-complaint are true, and that the plaintiff should take nothing by his complaint; that the defendant and cross-complainant, Nora Postal, is entitled to a decree of absolute divorce from the plaintiff and cross-defendant John S. Postal, * * * (with certain other relief). * * * It is therefore considered, adjudged and decreed by the court that the bond of matrimony between the plaintiff and

cross-defendant and cross-complainant be and is hereby dissolved, and the defendant and cross-complainant is awarded the care and custody of their minor child," * * * (with an allowance for maintenance, alimony, attorney fees, costs, and a restraining order).

That no motion for a new trial was ever filed in said cause, and no appeal was taken, and the judgment has never been modified or changed, but is still in full force and effect, if valid, and that neither party has remarried, and all their property interests remain unchanged; that appellant had no knowledge or notice that the judgment had been rendered until February, 1919, and believed that the divorce suit had been discontinued, though he knew that the cross-complaint was filed, and that appellee had filed a petition for maintenance pending suit and preliminary fees for her attorneys; and that for certain reasons stated he was unable to commence this action until June 24, 1919, when he filed his complaint in the case at bar, and caused summons to issue thereon, which was promptly served. It will be observed that this finding expressly negatived the alleged fraud and appellant's alleged unsoundness of mind.

But, in addition to what has been set out, the special finding also recited that upon the trial of the divorce case "no evidence was heard by the court at any time as to the residence of the plaintiff (appellant) other than that the defendant (appellee) produced and read to the court at the trial the affidavit of plaintiff concerning his residence in Lake county, Indiana, attached to his said complaint; that the defendant (appellee) knew at the time said decree was entered and at all times prior thereto that neither the plaintiff nor the defendant were or had at any time been residents of Lake county, Indiana, and that neither of them had at any time lived or had any place of abode there, and that she knew at the time said decree was rendered and at all times prior

thereto that plaintiff (appellant) had never lived or had any abode in said Lake county for any time, however short * * * or resided or lived in or had any place of abode in said Lake county for six months or any other period of time."

But nothing was found by the court as to appellee's knowledge that appellant's nonresidence in said county had any bearing on the jurisdiction of the court 1. to grant a divorce. And while the complaint in the case at bar, as verified by appellant's oath, alleged that appellee had refused to live with appellant in the relation of husband and wife after the year 1910, and that he was employed in the State of Pennsylvania from then until 1915, and then was in Illinois, Wyoming, Montana, Nebraska, and at "other points west," until some time in "the early part of 1917," but visited in Bluffton, Indiana, at Christmas, 1916, and all the time retained his residence at Bluffton, in Wells county, Indiana, the court does not find that appellee knew where he had his legal residence. Appellant's own fraud in making a false affidavit and filing it with his complaint for a divorce gave him no right of action to set aside the judgment granting his wife a divorce, as being procured by a fraud upon the court, she being innocent of participation in the fraud. *English* v. *Aldrich* (1892), 132 Ind. 500, 504, 31 N. E. 456, 32 Am. St. 270; *Friebe* v. *Elder* (1914), 181 Ind. 597, 603, 105 N. E. 151; *Rindge* v. *Rindge* (1864), 22 Ind. 31, 34, 35.

The question propounded by appellant for decision is whether, where a sufficient affidavit of his residence in the county where the suit was commenced had 2. been filed by him with his complaint in the divorce cause, and he was of sound mind, and appellee was not guilty of any fraud or fraudulent intent, as the court expressly found, the trial court had power and authority in the present action to inquire what evi-

dence was heard in the divorce case, and, upon learning that the proof of certain facts in issue in the divorce case was insufficient, was bound to set aside the decree of divorce because of such insufficiency of the evidence on which it was granted. This question must be answered in the negative. The filing of a complaint and affidavit containing statements as to plaintiff's residence in the state and county for the required time, which complied with the statute, gave the court jurisdiction to grant a divorce, if proof should be made of facts justifying such action. §1066 Burns 1914, *supra.* One of the questions which the court trying the divorce suit was required to decide, upon hearing the evidence, was whether or not the plaintiff had lived in Lake county long enough that it might divorce the parties. That question it decided in the affirmative. If its decision was incorrect, whether because of a lack of evidence or for any other reason, it is none the less binding upon the parties unless and until set aside on appeal, or by some other proper proceeding for that purpose. Jurisdiction to decide includes power to decide wrong, and to make the decision binding until reversed or set aside.

There is nothing on the face of the record in the divorce case to show that the court failed to hear evidence as to plaintiff's (appellant's) residence in Lake county for six months, by whomsoever introduced. But the record in that case expressly recites that the court heard evidence and found that it had jurisdiction; and appellant seeks to set aside the judgment by alleging and proving facts to the contrary. An attack upon a judgment for want of jurisdiction in the court to render it because of facts not apparent on the face of the record, which falls short of showing that the judgment was procured by fraud, is a collateral attack. *Cully* v. *Shirk, Exr.* (1892), 131 Ind. 76, 30 N. E. 882, 31 Am. St. 414; *State* v. *Hindman* (1903), 159 Ind.

586, 591, 65 N. E. 911. Such an attack must fail, where the court which rendered the judgment had jurisdiction of the subject-matter and had acquired jurisdiction of all the parties. *Schilling* v. *Quinn* (1912), 178 Ind. 443, 446, 99 N. E. 740.

That the decision thus challenged related to a question of jurisdiction did not make it any more subject to collateral attack. *Baltimore, etc., R. Co.* v. *Freeze* (1907), 169 Ind. 370, 375, 82 N. E. 761; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232, 246, 53 N. E. 285.

The fact that the complaint and a proper affidavit of plaintiff's residence filed by appellant, and the appearance of both parties, had given the court jurisdiction to hear evidence in the divorce suit, and on that evidence to decide whether or not it had jurisdiction to grant a divorce, makes such decision proof against a collateral attack because of any insufficiency of the evidence thus heard.

The judgment is affirmed.

### ON PETITION FOR REHEARING.

EWBANK, J.—The petition for a rehearing challenges the sufficiency of the affidavit of residence which appellant filed with his complaint in the divorce proceeding. No such question was presented by appellant's original brief, which stated that "with his petition he filed the required affidavit as to his residence." A question not before presented to the court for consideration is not available as ground for asking a rehearing. Rule 22, Supreme Court; *City of Evansville* v. *Senhenn* (1897), 151 Ind. 42, 62, 47 N. E. 634, 51 N. E. 88, 41 L. R. A. 728, 68 Am. St. 218; *Federal U. S. Co.* v. *Schlosser* (1917), 66 Ind. App. 199, 211, 114 N. E. 875, 116 N. E. 759.

The petition asserts that, while the special finding expressly states that appellee "was never guilty of any

fraud in the institution of said divorce or any other proceedings therein, either on the petition or the cross-complaint, and she never at any time committed any fraud upon the plaintiff nor upon the court, nor upon the jurisdiction of the court that entered said decree," it also states other facts by which (appellant insists) "constructive fraud" on her part is shown. But where findings are really in conflict they nullify each other, and, since the appellant has the burden affirmatively to establish that the judgment was obtained by fraud, he must be deemed to have failed to establish a right of action, under the findings quoted above. *Inland Steel Co.* v. *Kiessling* (1915), 183 Ind. 117, 119, 108 N. E. 232; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 448, 78 N. E. 1033.

The petition for a rehearing is overruled.