## BROWN *v.* RHODES.

### [No. 12,661. Filed March 18, 1927.]

JUDGMENT.—*A judgment cannot be collaterally attacked for want of jurisdiction where the record shows personal service of summons on defendant.*—Where the record shows the issuance of summons for the defendant, a resident of the county, and the sheriff's return shows personal service, the defendant cannot collaterally attack the jurisdiction of the court to render a judgment against him, there being no claim of fraudulent conduct on the part of the plaintiff or of the sheriff.

From Marion Circuit Court (38,559); *Harry O. Chamberlin,* Judge.

Action by Samuel Rhodes against Lewis Brown, Jr. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Alexander Belle* and *Milton Siegel,* for appellant.
*David A. Myers,* for appellee.

NICHOLS, J.—Action by appellee against appellant for the sum of $166.84, based on a certain judgment rendered in the Marion Circuit Court on September 21, 1916, in favor of appellee and against appellant, in the sum of $108.34 and costs, and the interest from that date to the time of the judgment, from which judgment this appeal.

Appellant answered in two paragraphs, a general denial, and that the original judgment sued upon by appellee was null and void, for the reason that appellant had no notice thereof. Appellant replied in general denial.

The court found in favor of appellee and rendered judgment against appellant in the sum of $164.

The error assigned is the court's action in overruling appellant's motion for a new trial.

The only question presented is whether the Marion Circuit Court had jurisdiction over the person of appellant when the original judgment was rendered against him September 21, 1916. He was permitted to testify that on or about July 5, 1916, the date of the summons, he was locked up in the Marion county jail, and that he never got the summons read in evidence. He made no claim that he had a meritorious defense to the judgment sued on. The record shows that a summons was regularly issued by the clerk of the Marion Circuit Court, and, by proper return, that it was served on appellant. There is no pretense of fraudulent conduct on the part of appellee or of the sheriff. Appellant does not claim that he was not a resident of the county at the time. Under such circumstances, we hold that the return of the sheriff was binding upon the parties, and that neither could be heard to dispute its verity in a collateral attack such as this. *Cully* v.

*Shirk, Exr.* (1892), 131 Ind. 76, 30 N. E. 882, 31 Am. St. 414; *Nietert* v. *Trentman* (1885), 104 Ind. 390, 4 N. E. 306; *Postal* v. *Postal* (1922), 192 Ind. 376, 134 N. E. 882; *Tyler* v. *Davis* (1905), 37 Ind. App. 557, 75 N. E. 3.

We find no error. Judgment affirmed.

Dausman, J., absent.