Davis v. Chase.

---

### DAVIS ET AL. *v.* CHASE ET AL.

[No. 19,838.   Filed May 27, 1902.   Mandate modified October 7, 1902.]

ATTORNEY AND CLIENT. — *Contract of Employment.* — *Validity.* — *Public Policy.* — A contract between an attorney and client, by the terms of which the attorney agrees to prosecute a suit for a certain per cent. of the amount recovered, and that the client shall not enter into any compromise of the claim unless the attorney "is present and directs the settlement," is void as against public policy. *pp. 243–246.*

PLEADING. — *Contract.* — Under a paragraph of complaint counting on a special contract there can be no recovery on an implied contract. *p. 246.*

Davis *v.* Chase.

PLEADING.—*Cross-Complaint.—Collusion.—Abatement.*—In a suit by a
creditor to set aside a conveyance as fraudulent, the complaint al-
leged that certain third persons named were made parties to answer
to any interest they might have. To a cross-complaint filed by
such third persons the principal defendants filed a plea in abate-
ment to the jurisdiction of the court alleging that at the date of
the commencement of the cross-action they were residents of an-
other county, and that by collusion between the original plaintiff
and the cross-complainants the latter had been made parties to
the action for the purpose of enabling them to file the cross-com-
plaint. *Held,* that the averment of "collusion" did not exclude
the idea that the cross-complainants were necessary or proper
parties to the original action, and that a demurrer to the plea
in abatement was properly overruled. *pp. 246, 247.*

FRAUDULENT CONVEYANCE.—*Complaint.*—A complaint to set aside a
deed as fraudulent which contains no averment as to the finan-
cial condition of defendant at the time of the commencement of
the action, except that he had no property subject to execution
"of which plaintiff has any knowledge," is insufficient. *p. 247.*

From White Circuit Court; *T. F. Palmer*, Judge.

Action by George P. Chase against John D. Davis and
others. From a judgment for plaintiff against John D. and
Elizabeth Davis, and also in favor of William and Joseph
Kreider on a cross-complaint against the defendants,
Davis, the latter appeal. Transferred from Appellate
Court, under §1337u Burns 1901. *Affirmed in part and
reversed in part.*

*D. C. Justice, E. B. Sellers* and *Edward Uhl*, for appel-
lants.

*C. E. Spencer* and *M. A. Ryan*, for appellees.

GILLETT, J.—The appellee Chase filed in the court below
his complaint in three paragraphs, founded upon a written
contract executed by himself and the appellant John D.
Davis; and he also sought by said action to subject to the
payment of his demand a tract of real estate that it was
alleged that said John had fraudulently caused to be con-
veyed to his wife, the appellant Elizabeth Davis. Said
first mentioned contract is of the following tenor: "This
agreement, made and entered into the day and year last

written, by and between John D. Davis, party of the first part, and George P. Chase, party of the second part, witnesseth: Whereas, John D. Davis has this day employed George P. Chase, party of the second part, to institute and prosecute a suit or cause of action for the purpose of obtaining his share of his father John Davis' estate, and the said John D. Davis hereby authorizes and empowers the said George P. Chase to recover said claim, either by suit or compromise, but that said George P. Chase shall not accept any compromise or settlement unless the same is satisfactory to the said John D. Davis: Now, therefore, in consideration of the said George P. Chase performing said services, the said John D. Davis agrees to pay to the said George P. Chase, as compensation for his services, a sum of money equal to fifty per cent. of any amount that he may recover, either by way of suit or compromise, and the said John D. Davis hereby expressly agrees not to enter into any compromise or accept any sum of money in settlement of said claim unless said George P. Chase is present and directs said settlement. Witness our hands this 23d day of February, 1898. [Signed] J. D. Davis. George P. Chase."

Mr. Greenhood, in his work on Public Policy, at page 474, says: "A contract by which the control of the party in interest over litigation carried on in his behalf is limited, is void." This view finds full support in the cases. In *Lewis* v. *Lewis,* 15 Ohio 715, the court said: "A contract with an attorney to prosecute a suit containing a stipulation that the party should not have the privilege to settle or discontinue it, without the assent of the attorney, would be so much against good policy that the court would not enforce it." In *North Chicago St. R. Co.* v. *Ackley,* 171 Ill. 100, 112, 49 N. E. 222, 44 L. R. A. 177, the supreme court of Illinois, speaking by Phillips, C. J., said: "The second proposition to be determined is, is a contract by which the person in whose name the action is brought,

and to whom it belongs, restricted from compromising or settling such claim because of a contract to that effect? In other words, is such a contract valid and binding? * * * Whether a cause of action exists, and if so, its nature and amount, are facts always involved in uncertainty, and a defendant has a right to buy his peace. The plaintiff has a right to compromise, and avoid the anxiety resulting from a cause pending to which he is a party. Any contract whereby a client is prevented from settling or discontinuing his suit is void, as such an agreement would foster and encourage litigation." The supreme court of Arkansas has thus expressed itself upon the subject: "It is a wise public policy to allow the parties to a lawsuit, or to disputes that have not even progressed to the proportion and dignity of a lawsuit, to settle their differences without hindrance from disinterested parties. Parties should be permitted to beg or buy their peace at any time. It would be difficult to estimate the monstrously unjust consequences that might result to parties willing and ready to settle a demand of this kind, if it lay in the power of an attorney to impede or control such settlement." *Davis* v. *Webber,* 66 Ark. 190, 198, 49 S. W. 822, 45 L. R. A. 196, 74 Am. St. 81. "The law," said Judge Dillon, in deciding the case of *Ellwood* v. *Wilson,* 21 Iowa 523, "encourages the amicable adjustment of disputes; and a construction of a contract which would operate to prevent the client from settling will not be favored." To the same effect, see *Boardman* v. *Thompson,* 25 Iowa 487.

Counsel for appellee Chase do not attempt to dispute the correctness of the doctrine that the above authorities announce, but they seek to parry its force by contending that the agreement of the client not to compromise only required that the attorney should be present to advise the client in the effecting of a settlement. The verb "directs" ordinarily implies a pointing out with authority, or directing as a superior. If that is not the meaning of the word in the contract under consideration, and if it means only to guide

or advise, we do not understand why the client was required to "expressly" agree that in the event of a compromise his attorney should be present to guide or advise him. And it is still more difficult to understand why, if the settlement took the course that the contract contemplated it might take,—of an acceptance of a sum of money by the client in settlement of the claim,—it was so important to himself to have his attorney present to advise him that he must needs "expressly" bind himself in advance that he would not settle unless his attorney—and that particular attorney—was present to advise about such a comparatively simple matter as the receiving of a sum of money, and the execution of a receipt or a quitclaim deed. The theory of counsel is weak. It is evident that the purpose of the provision was to enable the attorney to prevent the client from making a settlement or compromise that the attorney might regard as disadvantageous to himself. It is plain that the provision, when construed according to the evident intent of the parties, is against public policy, and that there can be no recovery upon the contract sued on. As said in *Davis* v. *Webber, supra:* "This clause was fatal to the entire contract. It is not severable from it. It seems to have been an inducement for entering upon the contract. It is impossible for us to say that the parties would have entered upon the contract at all without this clause." The demurrer of appellants to each of the paragraphs of complaint of appellee Chase should have been sustained.

Counsel for said appellees are in serious error in asserting that under paragraphs of complaint counting on a special contract there may be a recovery on an implied contract. *Board, etc.,* v. *Gibson,* 158 Ind. 471.

The appellees Kreider were judgment creditors of appellant John D. Davis, and were made parties defendant to the cause by appellee Chase after the case reached the court below on change of venue. Said appellees Kreider entered their voluntary appearance to the action, and filed

Davis *v.* Chase.

a cross-complaint, in which they sought to recover on their judgment, as a cause of action, against appellant John D. Davis, and to have said land subjected to the payment of their judgment. The appellants appeared specially to the cross-action, and filed a plea to the jurisdiction of the White Circuit Court, alleging that at the date of the commencement of the cross-action, and at the date of the commencement of the original action, they were residents of Carroll county, Indiana, and that by collusion between the original plaintiff and said cross-complainants the latter had been made parties to the action for the purpose of enabling them to file said cross-complaint. As the complaint of appellee Chase alleged that appellees Kreider were claiming some interest in or lien on the real estate which Chase was seeking to reach in the hands of Elizabeth Davis, we think that they were properly made defendants, to the end that their rights in the land might be settled before the court ordered a sale thereof. There might have been what the plea, by way of legal conclusion, styles "collusion" for the purpose of enabling the appellees Kreider to file a cross-complaint, and yet the averment does not exclude the idea that they were necessary or proper parties to the original action.

There was no error in sustaining a demurrer to the plea in abatement. Upon the sustaining of such demurrer, appellants each filed a demurrer to the cross-complaint. These demurrers were together overruled. The ruling was proper as to appellant John, but improper as to appellant Elizabeth. The cross-complaint does not contain any averment as to the financial condition of said John D. Davis at the time of the filing of the cross-complaint, aside from the allegation that he had no property subject to execution "of which these plaintiffs have any knowledge." This was insufficient.

The judgment of appellees Kreider against appellant John D. Davis is affirmed. The judgment in favor of ap-

pellee Chase is reversed, with an instruction to the court below to sustain the demurrers of each appellant to each of said appellees' paragraphs of complaint, and the judgment as against appellant Elizabeth, based on the cross-complaint of appellees Kreider, is also reversed, with an instruction to sustain her demurrer to said cross-complaint.

## MANDATE MODIFIED.

PER CURIAM.—Upon a stipulation filed by appellants and appellee Chase, it is ordered that this court's mandate in the above entitled cause be modified so as to read as follows: The judgment in favor of appellee Chase is reversed, with an instruction to the court below to restate its conclusions of law by declaring the contract sued on by him to be void and to render final judgment in favor of appellants against appellee Chase. The judgment of appellees Kreider against John D. Davis is affirmed, and the judgment of said Kreiders as against appellant Elizabeth is reversed, with instructions to sustain her demurrer to said Kreiders' cross-complaint, and to grant the latter leave to amend the same in the event that they apply for leave so to do.