## ISAACS, TRUSTEE *v.* FLETCHER AMERICAN NATIONAL BANK.

[No. 14,359.   Filed March 29, 1933.   Rehearing denied June 20, 1933.   Transfer denied January 26, 1934.]

*Julius C. Travis, Bernard Stroyman, Milton B. Hottel, Sol H. Esarey,* and *Otis E. Gulley,* for appellant.

*Julian C. Ralston* and *Van Nuys, Barnard & Walker,* for appellee.

PER CURIAM.—This was an action for conversion brought by the appellant against the appellee. The issues were made upon the appellant's amended complaint in one pararaph, the appellee's answer in two paragraphs, the first of which was a general denial, and the appellant's reply in general denial to the appellee's second paragraph of answer. There was a trial before the court with the honorable Charles V. Sears sitting as special judge, resulting in a finding and judgment against the appellant from which judgment this appeal was prayed and perfected.

The appellant assigns as error the ruling of the court upon his motion for a new trial; the overruling of his motion to dismiss; and the overruling of his verified motion to set aside the entries of July 5th and September 16th, respectively.

The appellee has filed a motion to dismiss this appeal for the alleged reason that the assignments of error constitute a cause or causes for a new trial and that the motion for a new trial was not filed within the time fixed by law and that therefore no questions are presented. In both of these contentions the appellee is in error. The ruling of the court on the motion of the appellant to dismiss his cause of action can only be assigned as an independent assignment of error. This was done in the instant case. Having properly assigned such ruling as an independent assignment of error, the motion to dismiss the appeal is now overruled. See *Galey* v. *Mason* (1909), 174 Ind. 158, 91 N. E. 561, Ann. Cas. 1912 C 1290. *Benbow* v. *Gray et al.* (1923), 193 Ind. 269, 128 N. E. 607.

The other assignments of error will be taken up hereinafter.

The motion for a new trial contained 20 causes or grounds, the first four of which are as follows:

1. The decision of the court is not sustained by sufficient evidence.

2. The decision of the court is contrary to law.

3. The court erred in overruling this plaintiff's motion for judgment of dismissal.

4. The court erred in rendering judgment in said cause on the 16th day of September, 1930.

The other 16 causes or grounds each related to rulings of the court in the admission or rejection of evidence. For the purpose of this opinion these need not be set out, and owing to the conclusions we have reached they need not be considered herein, and we express no opinion as to the correctness of any of such rulings. If such questions arise in a retrial of the case such former rulings shall in no wise bind the trial court.

It is also to be noted that some independent assignments of error are included in the motion for a new trial, but they are also assigned as independent assignments of error. They will be treated as surplusage in the motion.

The appellant's contention as to the orders of July 5th and of September 16th, respectively, of which complaint is made as well as his contention with respect to his motion to dismiss his cause of action, is set forth in his verified motion filed in said cause on October 4, 1930, which verified motion, omitting formal parts, is as follows:

"Comes now M. A. Isaacs, the plaintiff in the above entitled cause of action, and respectively shows to the Court:

'That on May 26, 1930, at the conclusion of the trial of said cause, the parties hereto agreed to brief the same and have an oral argument thereon at a date to be later set by the Court; that some time in June, 1930, the exact date of which is unknown to this plaintiff, the parties hereto agreed that in the event said oral argument should take

place on July 7th, the record in said cause should be made as of July 5th, 1930.

"The plaintiff further respectfully shows to the Court that thereafter, pursuant to an order made by and duly entered on the order books of said Hendricks Circuit Court, said Court adjourned for vacation on July 5, to the first Monday in September, and that said Court did not convene until the first Monday in September.

"The plaintiff further alleges that said oral argument did not take place on July 7th, but instead was had on July 14, 1930; that at the conclusion of said oral argument the Court stated that he was of the opinion that there was a partnership between this plaintiff, Kane, and certain other persons, although he was not sure whether it was of a commercial or non-commercial character; that it was of the opinion that the defendant was justified in violating plaintiff's instructions and 'that will probably be the judgment' in said cause; that this was all that the Court then did or stated, in said cause.

"The plaintiff further alleges that at the conclusion of said argument, on the 14th day of July, the parties hereto, by and through their counsel, Otis E. Gulley, of Danville, and Bernard Stroyman, of Indianapolis, representing the plaintiff herein, and Julian Ralston, of Indianapolis, and Mr. Stevenson, of Danville, representing the defendant, all of whom were then and there present, agreed that the record in said cause shall be made at the next—September—term of Court, to which the Court then and there consented.

"The plaintiff further alleges that thereafter, to wit, on the 22nd day of July, 1930, the plaintiff herein filed in this Court, with the Clerk thereof, pursuant to Section 355, Burns 1926, his following written dismissal:

'Dismissal by Plaintiff

'The plaintiff, M. A. Isaacs, in the above entitled cause hereby dismisses his complaint and files this writing to that effect with the Clerk in vacation and prays the Court in term to enter judgment of dismissal.'

"The plaintiff further alleges that at the time of the filing of said written dismissal, and afterwards, this plaintiff tendered and offered to the Clerk of said Court the amount of $————, in lawful currency of the United States, the costs on dismissal of said cause, which, at the suggestion of said Stevenson, the Clerk refused to accept.

"The plaintiff further alleges that thereafter, to wit, on the 25th or 26th of July, 1930, the exact date of which is unknown to this plaintiff, and after the filing of said written dismissal by this plaintiff, the Court made the following order:

'July 5th, 1930.

'Argument of counsel heard. Finding and judgment for defendant announced. Plaintiff's attorneys request that the record of the proceedings and judgment be made on the first day of September term of Court for the reason that the court reporter is away and for the purpose of giving time and opportunity to read reporter's notes and make motion for new trial and attorneys for defendant agree that the Record may be made of 1st day of September Term.'

"The plaintiff further alleges that said order was not made on the 5th day of July, the date it purports to have been made on; that the same was made in vacation, and in violation of said agreement of July 14th, to the effect that the record in said cause shall be made at the September term of Court.

"The plaintiff further alleges that thereafter, to wit, on the 29th day of August, the plaintiff herein filed with this Court the following motion for a judgment of dismissal:

'Motion to Enter Judgment of Dismissal in Above Cause.

'Comes now M. A. Isaacs, the plaintiff in the above entitled and numbered cause, and respectfully shows to this Honorable Court that on the 22nd day of July, 1930, in vacation, the plaintiff herein filed with the Clerk of said Court a written dismissal of said cause pursuant to Section 355, Burns Rev. St. 1926, which is as follows:

'Dismissal by Plaintiff

'The plaintiff, M. A. Isaacs, in the above entitled cause, hereby dismisses his complaint and files this writing to you and prays the Court in term to enter judgment of dismissal.

'Wherefore, the plaintiff demands that the Court enter judgment of dismissal at the next —September—term of said Court.'

"The plaintiff further alleges that thereafter, to wit, on the 16th day of September, this Court overruled said motion and rendered judgment in said cause, which is as follows:

'Come now again the parties by counsel and it appearing to the court that the motion to dismiss said cause of action filed by the plaintiff was filed by said plaintiff long after the court had announced, in open court, its judgment and finding in said cause. The court now overrules the plaintiff's motion to dismiss said cause of action, to which ruling of the court the plaintiff excepts.

'And the court, as heretofore announced, now finds against the plaintiff on the cause of action sued upon in the plaintiff's complaint and finds for the defendant in said cause of action.

'It is, therefore, considered and adjudged by the court that the plaintiff take nothing by his suit and cause of action.

'It is further considered and adjudged by the court that the defendant recover of and from the plaintiff, his costs in this behalf paid, laid out and expended.'

"The plaintiff further alleges that by reason of said order purporting to have been made on July 5th, but which, in truth and in fact, was made after this plaintiff had already filed his said written dismissal, as aforesaid, the record in said cause shows that the decision therein was rendered by this Court on July 5th, nine (9) days before said cause was argued orally, and seventeen (17) days before the plaintiff filed his written dismissal, when in truth and in fact it was not then made, as aforesaid; that by reason of said order of July 5th the record in said cause shows that this plaintiff had

not filed his motion for a new trial within the time provided by law so to do; that by reason thereof, this plaintiff will not be able to appeal in said cause.

"The plaintiff further alleges that there was no judgment or decision rendered or an announcement of the findings made in said cause, on said 5th day of July, and that this plaintiff was not required by law to file a motion for a new trial on or before the 5th day of August, 1930, and that the said order purporting to have been entered on July 5th, showing the announcement of this Court's alleged decision, was made and entered wrongfully, unlawfully and in violation of said agreement of July 14th; that the said alleged order is, therefore, null and void.

"The plaintiff further alleges that he files this motion without waiving his rights to the filing of a motion for a new trial herein or to the institution or prosecution of such other proceedings in connection with this case as he may have a right to.

"Wherefore, the plaintiff now moves the court to set aside said order purporting to have been entered July 5th and the judgment of September 16th, and to enter judgment of dismissal."

The above motion was duly sworn to by Otis E. Gulley and Bernard Stroyman, attorneys for the appellant. The court overruled said motion, to which ruling the appellant at the time excepted.

The said verified motion states some controversial conclusions as to the law but the controlling facts set forth therein are not controverted. Many of such facts are corroborated by the appellee in its brief filed in support of its motion to dismiss the appeal. We · quote from said brief as follows:

"The second, third, fourth and fifth assignments of error set out above are based upon the following part of the record: By a motion filed by appellant and found in the record beginning at page 26, it appears that the evidence was heard and concluded during the May Term; that the cause was thereafter argued by counsel during vacation at the conclusion of which argument the Court announced

its finding for the defendant, whereupon the appellant requested that the record of the entry be made on the first day of the September Term in order to give him thirty days from that time in which to prepare and make application for a new trial. It then appears that, in violation of the spirit of this arrangement, the appellant attempted to take advantage of the situation by filing a motion to dismiss. It is quite obvious that the Court, in view of this unexpected step on the part of the appellant and in order to have the record show the true state of the circumstances under which this motion to dismiss was made, made an entry of the finding and the arrangement, reached at the conclusion of the oral argument, as of July 5th, 1930."

The record before us, as well as the verified motion, discloses that the Hendricks Circuit Court adjourned for vacation on the 5th day of July, 1930, and that all matters were continued until the September Term. We wish also to call attention to the fact that Section 354, Burns 1926 (§104, Baldwin's 1934), provides that the plaintiff may dismiss his cause of action without prejudice "at any time before the finding of the court is announced." Section 355, Burns 1926 (§105, Baldwin's 1934), provides that the plaintiff may dismiss his action in vacation by filing with the clerk a writing to that effect. The clerk shall enter such written dismissal in the order book "and the court shall enter judgment accordingly at the next term."

Based upon the verified motion heretofore set out and the admission of the appellee shown heretofore, there can be no doubt but that the entry dated July 5th, hereinbefore quoted, was not in fact made on that date, but was made by the special judge sometime during the vacation of the court between July 5 and the first day of the next September term. Based upon the said verified motion it was made after the motion to dismiss the cause was filed in the clerk's office by the appellant, but in either event it has no

standing. The court was adjourned generally, and the entry made by the special judge in the instant case during such vacation was void. Neither had he any power during such vacation to announce any finding of the court which would cut off the right of the appellant to dismiss his cause of action under the statute. See sections 354 and 355, Burns 1926, sections 104, 105, Baldwin's 1934. In *Pressly* v. *Lamb* (1885), 105 Ind. 171-200, it was said: "A judge sitting in vacation is not a court of record; he has neither clerk, seal nor record. He has in vacation no more authority or control over, or right to enter anything upon the records of the court, unless expressly authorized by statute to do so, than any other citizen." In the case of *State* v. *Hindman* (1902), 159 Ind. 586, 65 N. E. 911, the court used this language: "The adjournment of the court without day ended its power over the business and records of the term. . . . After such adjournment no defaults could be taken, no judgments rendered, no orders made, or proceedings had as of the term." See also, the cases cited in the above case.

But it is contended by the appellee that the appellant by virtue of his verified motion to set aside the entries of July 5th and of September 16th, is not entitled to any relief and that he should have proceeded "on complaint filed and notice issued, as in an original action, within two years from and after the date of the judgment." Having first ascertained that the entry of July 5th was not made on said date, but that it was actually made by the special judge during the vacation of the court after the full adjournment on July 5th, we have had no difficulty under the authorities in concluding that it should have been set aside on the motion. It was void. It was at least constructively fraudulent as to the appellant as it would cut off his absolute right under the statute to dismiss his cause of

action before the court had announced its finding. It also, if allowed to stand, would make the motion for a new trial, which was filed by the appellant on October 11th, come too late, and cut off his right of appeal from an adverse ruling on that motion. The appellee makes the contention that the motion for a new trial came too late.

In *Globe Mining Company* v. *Oak Ridge Coal Company* (1922), 79 Ind. App. 76, 134 N. E. 508, a case presenting some of the problems of the instant case, this court said: "While it appears that appellant filed its application under the title of the cause in which the original judgment was rendered, it was in fact an independent proceeding and will be so treated, since it was begun after the close of the term in which said judgment was rendered, although it would have been more formal had it been entitled and docketed as a separate action. . . . But, wherever justice appears to demand it, courts will look through the form of a pleading to its substance, and thereby make it effective for the purpose intended, where this can be done without violating any statute or settled rule of practice." One of the main questions for determination in the above case was the right to have a judgment set aside where it had been taken in violation of an agreement made in open court that when a decision was to be announced, the attorneys would be called into court to hear the same, and to take such steps as they might deem advisable. The court reversed the judgment as not to have done so would have cut off the right of the appellant to file a motion for a new trial and to appeal in case of an adverse ruling thereon. The application, in the above case did not bring the proceeding within the provisions of the statute, but the court, upon that subject, said: "Our attention has not been called to any statute authorizing such a procedure, but it does not follow that appellant

is without a remedy, as courts of general jurisdiction possess inherent powers, not created or conferred by legislative enactment. These powers will always be exercised where one litigant has obtained an unfair advantage over his adversary through fraud, inadvertence, surprise, accident, mistake or otherwise, and it would be against conscience to permit him to retain it." See also *Hitt* v. *Carr* (1921), 77 Ind. App. 488, 130 N. E. 1. *Globe Mining Company* v. *Oak Ridge Coal Company* (1932), 204 Ind. 11, 177 N. E. 868.

Justice is not so blind as to require us to hold that the order of July 5th, which under the admitted facts, is, at least, constructively fraudulent and void, has ■ such sanctity or imports such verity as that it will stand against the truth when it is attacked directly as it is attacked in the instant case by the verified motion. The said motion was filed while the case was *in fieri* and should have been sustained, and the court had the power to set aside the order even upon its own motion. *Livingston* v. *Livingston* (1920), 190 Ind. 223, 130 N. E. 122. See also, Watson's Revision of Works Practice and Forms, Vol. 2, sec. 2384, page 982, and the numerous cases cited therein.

The appellant had the absolute right under the statute heretofore cited to dismiss his cause of action at the time and in the manner in which he sought to ■■ do it. It was error of the court to have overruled his said motion. This being true it was also error for the court to have made the entry of September 16th. We are not advised by the record as to whether or not the sustaining of the appellant's motion to dismiss his cause at this late date after the lapse of time during this appeal, would avail him anything. Perchance the statute of limitations may now have run as to any new cause of action he may desire to file in the

event his motion to dismiss his cause should be ordered sustained. But this court is not without power and authority to see that the ends of justice be accomplished. Section 728, Burns 1926 (§507, Baldwin's 1934), among other things, provides as follows: "When the judgment is reversed, in whole or in part, the Supreme Court shall remand the cause to the court below, with instructions for a new trial, when the justice of the case requires it." This section of the statute has been construed many times and it has been repeatedly held that the appellate tribunal on reversing a judgment may order that a new trial be had even though no motion was ever made in the trial court for a new trial. See *Childress, Administratrix* v. *Lake Erie & Western Railroad Company* (1914), 182 Ind. 251, 105 N. E. 467; *Inland Steel Company* v. *Kiessling* (1910), 174 Ind. 630, 91 N. E. 1084, and the numerous cases cited therein. We have reached the conclusion that "the justice of the case" requires that a new trial be ordered.

The judgment of the lower court is reversed with instructions to grant a new trial, to set aside the order of July 5th, to permit the appellant at his option to withdraw his motion to dismiss his cause of action, to sustain said motion if it is not so withdrawn by the appellant, and in case said motion is withdrawn to re-try the case without in any wise being bound by the former rulings of the trial court upon the evidence, and for further proceedings not inconsistent with this opinion.

Judgment reversed.