OLCZAK *v.* MARCHELEWICZ.

[No. 14,750. Filed February 15, 1934.]

*Anthony Olczak* and *Lauer & Dexter,* for appellant.

Appellee did not appear.

SMITH, J.—Appellee has failed to file a brief in this cause, but we will consider the questions presented in appellant's brief, as the court in its discretion may do. *Hueseman* v. *Neaman* (1933), 97 Ind. App. 586, 187 N. E. 696, and cases there cited.

This case was determined upon the third paragraph of appellant's complaint, to which appellee filed an answer in two paragraphs. The complaint seeks to recover attorney's fees alleged to be due appellant from appellee upon a contract between them, whereby appellant was employed by appellee as his attorney to bring and prosecute an action on behalf of appellee for damages growing out of an automobile collision, and agreed to pay him a sum equal to one half the amount of damages procured either in settlement or by judgment. The complaint further alleges that, after appellant brought action upon the claim for appellee, he obtained an offer of settlement for the sum of $200 which he communicated to his client, the appellee, which offer was refused; that, thereafter, in the month of September,

1927, the appellee made a settlement with the defendant in said action without knowledge of appellant for a sum not less than $200. Appellant sues upon the agreement, for $100 for attorney's fees, and sets up that said $200 received by the appellee in settlement became impressed with an equitable lien in favor of appellant for services in the sum of $100; and then charges that the appellee made said settlement for the purpose of defrauding appellant, and converted the proceeds of the settlement to his own use; and asked judgment in the sum of $100.

To this complaint, appellee filed an answer in two paragraphs: (1) General denial; (2) setting up his discharge in bankruptcy in the U. S. District Court in the Northern District of Indiana; that the claim sued upon by appellant had accrued and was properly scheduled in the inventory as a debt; that on the 29th day of September, 1928, appellee was discharged by the U. S. District Court in bankruptcy, and thereby discharged from liability upon the claim of appellant.

To this second paragraph of answer, appellant filed a demurrer with memoranda raising the question that the claim of appellant is based upon conversion, and that appellant had an equitable lien for attorney's fees in the sum of $100, and that his claim against appellee is not one that can be discharged under the Bankruptcy Act §35, specification 4, Title 11, U. S. C. A., page 150.

The part of the statute relied upon by appellant is as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (fourth) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity;"

The court overruled this demurrer, and appellant abided the ruling and refused to plead further. There-

upon, the court rendered judgment as upon default against appellant, and that "plaintiff" take nothing by his complaint. The only error properly assigned and relied upon is the overruling of this demurrer.

The question presented is, Can the claim of appellant be discharged by the Bankruptcy Act under the section above quoted, and is the answer sufficient to bar the action?

Appellant contends that his claim is one that is not subject to discharge under the Bankruptcy Act, *supra,* and, hence, the answer does not bar the action.

Under the rule, in the absence of an appellee's brief, counsel for the appellant must make a prima facie showing of reversible error. *Bryant et al.* v. *School Town of Oakland City et al.* (1930), 202 Ind. 254 171 N. E. 378, 173 N. E. 268. This he has failed to do.

It is true, as appellant states, that attorneys have a lien upon the funds procured for clients through their efforts. We have a statute, section 9797, Burns Ann. St. 1926, §4-3619, Burns Ind. Stat. Ann. 1933, §10504, Baldwin's Ind. Ann. Stat. 1934, which provides for an attorney's lien upon any "judgment rendered in favor of any person or persons employing such attorney," and also for the manner of its enforcement. Where there is no judgment, any lien that appellant might have upon the funds must of necessity be a lien other than one created by statute, and which is equitable in its nature.

We have examined all the cases cited by appellant, and they do not support his position. It has been held in this state that a client may settle and compromise his cause of action before judgment, and release the same without consulting his attorney; and, moreover, the attorney has no power to prevent it. No lien can be acquired before judgment, even by agree-

ment, that will prevent the client from compromising and releasing his claim without the attorney's consent. *Hanna* v. *The Island Coal Company* (1892), 5 Ind. App. 163, 31 N. E. 846.

The fund upon which appellant claims a lien passed into the hands of his client who had the right to make a settlement. Under such circumstances, there is no enforceable lien.

Appellant cites the case of *Hammond, Whiting and East Chicago Railway Company* v. *Kaput* (1915), 61 Ind. App. 543, 110 N. E. 109, in which a judgment had been obtained in a lower court, and an attorney's lien taken under the statute. Pending the appeal, the appellant settled with the appellee without the consent or knowledge of his attorneys. Appellee then filed a motion to dismiss the appeal, which was sustained, leaving the judgment in the court below unreleased, with the attorney's lien thereon.

It will be noticed from the Bankruptcy Act in the section cited above, which the appellant seeks to invoke, that a discharge in bankruptcy will not release a bankrupt from a debt which was "created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." Since the claim sought to be enforced here was created by contract between appellant and appellee, it could not be said to have been created by fraud, nor was there any embezzlement, defalcation or misappropriation. It is true that the appellant alleged in his complaint that appellee defrauded him, but he charged fraud in the *settlement* of the claim and not in its creation.

It is apparent from the language of the statute above-quoted that the debt sued upon is such a debt as is released by a discharge in bankruptcy as pleaded in the second paragraph of answer.

No authority is cited by appellant which sustains his position that this debt sued upon came within the terms of the statute above-quoted.

The court did not err in overruling the demurrer to the second paragraph of answer; and, as this was a complete answer and a bar to the recovery of appellant, judgment was properly entered upon his refusal to plead further.

Judgment affirmed.