SMITH *v.* SMITH

[No. 27,310.   Filed April 2, 1940.]

*Francis E. Thomason,* of Indianapolis, for appellant.

*Yockey & Yockey,* of Indianapolis, for appellee.

SHAKE, C. J.—The appellee obtained a judgment of divorce from the appellant. As a part of the final decree it was ordered:

> "IT IS FURTHER CONSIDERED AND ORDERED by the court that the plaintiff recover of and from the defendant an attorney's fee for the use of her counsel herein in the sum of Seventy-five dollars ($75.00) which said defendant is ordered to pay within Sixty (60) days from the date hereof."

The appellant failed to comply with the above order, and on the appellee's petition he was cited to show cause why he should not be punished for contempt, and was found guilty. Appellant has appealed, assigning that the trial court erred in overruling (1) his motion to discharge the rule to show cause why he should not be punished for contempt; (2) his motion to reconsider the decision and judgment finding him guilty; and (3) his motion for a new trial, wherein he charged that the decision of the court was not sustained by sufficient evidence and that it was contrary to law.

A single proposition of law is presented by the several assigned errors. The question is, whether that part of the above decree adjudging that the appellee recover of and from the appellant the sum of $75 as "an attorney's fee for the use of her counsel" is valid. The appellant contends that the judgment created an express trust in favor of the appellee's attorney, that the attorney is the real party in interest, and that the part of the judgment quoted is therefore void.

The case is governed by § 3-1216, Burns' 1933, § 923, Baldwin's 1934, which provides in part:

". . . . on decreeing a divorce in favor of the wife or refusing one on the application of the husband, the court shall, by order to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition when such divorce has been granted or refused . . ."

In the case of *Doench* v. *Doench* (1938), 214 Ind. 559, 16 N. E. (2d) 877, it was held that under the above statute an order for the payment of attorney's fees in a divorce action should be in favor of the wife as a part of her reasonable expenses in prosecuting or defending the action, that an order to pay such fees direct to a named attorney was void, and that such an order would not support a contempt proceeding upon the noncompliance of the husband.

We do not regard the clause, "for the use of her counsel," found in the judgment, as creating any trust in favor of the appellee's attorney. The effective part of the judgment is that, "the plaintiff recover of and from the defendant" the sum of $75. The attorney acquired no rights under the judgment and the language complained of may be regarded as surplusage or as a recital indicating that the order was for the expenses incurred on the part of the wife by way of attorney's fees. The case is clearly distinguishable from *Doench* v. *Doench, supra.* We find no error in the record.

Judgment affirmed.

NOTE.—Reported in 26 N. E. (2d) 41.