STATE EX REL. MCNABB *v.* ALLEN SUPERIOR COURT
NO. 2, ET AL.

[No. 28,323.  Filed  December  3,  1947.]

*Chester L. Teeter,* of Ft. Wayne, and *Howard W. Mountz,* of Garrett, for relator.

*Newkirk & Keane* and *Hogg, Peters & Engeler,* all of Ft. Wayne, for respondent.

YOUNG, J.—This is an original action in this court, the purpose of which is to compel a trial court, among other things, to set aside and vacate the dismissal of a suit for divorce, which dismissal had been requested by both parties thereto after reconciliation and resumption of marital relations, and, after the vacation of such dismissal, to compel the trial court to hear evidence and fix a proper fee for the wife's attorney and order it paid by the husband direct to the wife's attorney.

The husband and wife separated on March 16, 1946, and a few days thereafter the wife employed relator to undertake to effect a reconciliation. Efforts to this end were made and failed and on August 12, 1946, the husband caused suit for divorce to be filed charging his wife with adultery. Relator appeared for the wife and on August 23, 1946, filed a petition on her behalf asking

money for the support of herself and child pending disposition of the divorce action and for money for attorney fees and other expenses sufficient to permit her to make proper defense of the action. On the same day relator filed in behalf of the wife a petition for inspection of books and papers for the purpose of discovering the husband's worth as a basis for determining the property rights of his client. On September 4, 1946, the petition for support of the wife and the minor child was heard and the husband was ordered to pay the wife $200 per month pending litigation beginning on the date the action was filed. Hearing on the question of expense money and attorney fees pending litigation and on the petition to inspect books and papers was by agreement of counsel continued until a later date. On September 23, 1946, relator filed answer and cross-complaint on behalf of the wife, in which she sought an absolute divorce, custody of her child, alimony and attorney's fee.

On October 2, 1946, both the husband and wife appeared in Court with the husband's lawyer and reported to the judge that they had effected a reconciliation and asked that the divorce proceedings be dismissed. Relator had not been notified of this appearance by the parties and nothing was done. A few days later the parties with the husband's lawyer again appeared in court and the parties again asked that the case be dismissed. Relator was present and he told the court that he had no objection to reconciliation or to the dismissal of the divorce proceedings, but asked that the court first grant him a hearing on the petition for attorney fees theretofore filed by him on behalf of the defendant wife. He offered to show the nature, extent and value of his services to her and requested that before entering a dismissal the reasonable value of said services be judi-

cially determined and the plaintiff husband be ordered to pay same to relator. The court denied this request and entered an order of dismissal of the divorce proceedings, and at the same time, without hearing, it entered an order requiring the husband to pay the clerk of the court the sum of $75 for the benefit of the wife's attorney. The $75 fee was based upon the minimum fixed by the local bar association for allowance to a wife for an attorney fee pending litigation for the purpose of permitting her to prepare her cause of action or defense. Relator complains of this and if this practice were before us upon appeal we would not hesitate to say that a determination of the fee over the objection of either party upon the sole basis of a bar association rule without consideration of the particular facts of the particular case would be an abuse of discretion.

On November 7, 1946, during the same term of court in which the case had been dismissed, relator filed a petition in said divorce action, in his own name, asking that the judgment of dismissal be set aside, and that a hearing be had on the issue of reasonable attorney fees due him, and that petitioner be permitted to submit evidence as to the nature, extent and value of his services to the wife, and that the husband be ordered to pay to the relator such sum. Counsel for the husband filed a demurrer to relator's said petition on the ground that the wife was the only party to whom the relief sought was available, or who could prosecute said petition for attorney fees, and that relator was not a party to the action in which he had filed his petition, and on the further ground that there was no showing in the petition that such an order was necessary to insure to the wife an efficient preparation of her case and a fair and impartial trial thereof. This demurrer was sus-

tained. Thereupon relator began this action in this court, asking this court to mandate the respondent judge to overrule the demurrer to his petition, to vacate the judgment of dismissal, to grant a hearing on relator's petition for attorney fees, judicially to determine the reasonable fee to which relator is entitled, and to order the amount so determined to be paid to relator by the husband.

It may be worth noting that at no place, either in petition in the lower court or in his petition in this court, is there any allegation that the reconciliation or dismissal was fraudulent or collusive or effected for the purpose of depriving relator of his fee.

Relator's petition presents to us at least two fundamental questions. The first is whether the relator had such interest in the case as permitted him in his own name and right to ask that the judgment of dismissal be vacated in order that he might have a hearing on the question of the allowance of attorney fees direct to him. The second is, if he had such right, whether the acts sought to be mandated are ministerial and therefore subject to control by mandate, or whether they are so discretionary and judicial in character as to be beyond control by mandate.

An attorney is not a party to litigation and a client may, as a general rule, settle and dismiss his cause of action without consulting his attorney and without the attorney's knowledge or consent and the attorney has no power to prevent it. 5 Am. Jur. pp. 328, 373, Attorneys at Law, §§ 116, 185; *Davis* v. *Chase* (1902), 159 Ind. 242, 64 N. E. 88; *Hanna* v. *The Island Coal Company* (1892), 5 Ind. App. 163, 167, 31 N. E. 846; *Gerdink* v. *Meginnis* (1919), 73 Ind. App. 39, 43, 126 N. E. 499; *Olozak* v. *Marchelewicz*

(1933), 98 Ind. App. 244, 247, 188 N. E. 790; *Kitch, Administrator* v. *Moslander* (1943), 114 Ind. App. 74, 82, 50 N. E. (2d) 933; *Wahl* v. *Strous* (1942), 344 Pa. 402, 25 A. (2d) 820, 822; *Butler* v. *Young* (1939), 121 W. Va. 176, 2 S. E. (2d) 250, 121 A. L. R. 1119, and Ann., at p. 1122.

The general rule, as above stated, is based primarily upon public policy. The law encourages the settlement of litigation and for an attorney to acquire the right to veto the termination of litigation would violate such public policy. The rule is even stronger where marital rights are involved. In such situation public policy intervenes upon the additional ground that the home is the foundation of society and anything which tends to weaken the home is frowned upon by the law. It has been held that to permit an action involving marital relations to be maintained by counsel for the sole purpose of collecting his fee would violate this rule of public policy. 5 Am. Jur. p. 373, Attorneys at Law, § 185; *Gerdink* v. *Meginnis, supra; Anderson* v. *Steger* (1898), 173 Ill. 112, 50 N. E. 665.

We quote from 5 Am. Jur. p. 373:

> ". . . The rule supported by the majority of the decisions is to the effect that where the parties have abandoned the suit, condoned their offenses, and resumed their marital relations, such action operates to end the litigation, and it cannot be continued by counsel for the complaining spouse, at least where no counter cause of action is set up in a cross complaint or counterclaim . . . . The reason for this rule is that to permit an attorney to continue such an action after the parties thereto have become reconciled and resumed cohabitation would be in violation of public policy, as continuing litigation after the parties have put an end to it, thereby having a tendency to break up the reconciliation. . . . ."

This same language may be found in an annotation in 45 A. L. R. at p. 941, where many cases are cited in support thereof.

The same general principal in an action involving reconciliation of marital differences is asserted in this state in *Gerdink* v. *Meginnis, supra.* That was an action by the husband for the enticement of his wife. While the case was pending the husband desired to dismiss same and requested his attorneys to do so. They refused. On the contrary they asked the court for leave to prosecute the action in the name of plaintiff to protect their fees. They claimed . that the plaintiff had wrongfully and fraudulently settled the cause. The appellant Court held that the plaintiff could not assign his cause of action because it was personal and did not survive and to do so would be champertous and void and in violation of public policy. The court also held that the attorneys could not prosecute the action because it did not belong to them. We quote the following from page 45:

"The record before us shows 'that investigation had convinced the plaintiff that the charges set out in his complaint against the defendant, were without foundation in fact;' that the plaintiff and his wife 'had become reconciled' and were again living happily together as husband and wife. Upon this showing we are led to inquire, Would the ties which now hold this family be in any way strengthened, and their relation made more agreeable to the parties interested, by having the cause continued on the docket of the court for trial and the parties compelled to appear and testify? Would the love and confidence of the husband for and in his wife be strengthened and increased by having the matter of any suspicious, or even positively bad, conduct aired in court, possibly before a horde of persons to whom every bit of scandal is a morsel sweet to their tongues? These questions need no answer. Courts should be, and are, ever ready to

lend their strong arm to protect the home. They will not lend their aid towards destroying it."

We have a statute in Indiana which fortifies the right of dismissal established by the cases and provides that an action may be dismissed by the plaintiff without prejudice, "before the jury retires, or, when the trial is by the court, at any time before the finding of the court is announced." § 2-901, Burns' 1946 Replacement. A refusal to dismiss a case on the plaintiff's motion made before all evidence is heard has been held to be error. *Isaacs, Trustee* v. *Fletcher Am. Nat. Bk.* (1933), 98 Ind. App. 111, 122, 185 N. E. 154; *Runau* v. *Wheeler* (1925), 82 Ind. App. 489, 146 N. E. 584. Dean Gavit, in Vol. 2, at p. 2074 of his Indiana Pleading and Practice, speaking of the statute on dismissal, says that within the time limit set, that is at any time before the finding of the court is announced where the case is tried without a jury, the privilege of a plaintiff to dismiss is absolute and not subject to judicial control.

There are circumstances, however, when an attorney's right to a fee may be protected, such as where a lien is provided by statute, § 4-3619, Burns' 1946 Replacement; or where a fund has been created by the attorney's efforts, out of which he is equitably entitled to compensation; or in case of fraud or collusion practiced to deprive an attorney of his fee; 5 Am. Jur. p. 330, Attorneys at Law, § 119; *Meidreich* v. *Rank* (1907), 40 Ind. App. 393, 82 N. E. 117; *Kitch, Administrator* v. *Morlander, supra,* or where a statute provides for a fee payable direct to the attorney pursuant to order of court made in the course of litigation. The circumstances of this case do not bring the relator within the statute providing for attorney's liens. No judgment has been rendered. No fund has been created in this case by counsel's efforts. There is no charge

that the reconciliation of husband and wife in this case was the result of fraud or collusion designed to deprive relator of his fee for service in behalf of the reconciled wife, or otherwise than because they desired to re-establish their home. This leaves only the question of whether there is a statute giving relator any right to an order upon the husband to pay a fee direct to relator. It is true that it has been said that the power to make allowances to a wife in a divorce case for support and attorney fees existed independent of statute and was founded upon the common law obligation of the husband to support his wife. *Crowell* v. *Crowell* (1942), 219 Ind. 472, 475, 39 N. E. (2d) 602; *Snider* v. *Snider* (1913), 179 Ind. 583, 588, 102 N. E. 32. But the common law remedy is seldom resorted to, and was not in this case. We must then look to the statute to see whether it authorizes such order for the payment of fees as relator asked. The statute involved is § 3-1216, Burns' 1946 Replacement. The statute is divided into two parts. One part provides that, "Pending a petition for divorce, the court, . . . may make, . . . such orders . . . relative to the expenses of such suit and attorney fees as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof." The second part of the statute provides that ". . . on decreeing a divorce in favor of the wife or refusing one on the application of the husband, the court shall, . . . require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition including a reasonable sum for the services of the attorney representing such wife which sum for attorney fee shall be payable direct to said attorney and the order for same shall be in the name of said attorney, . . ."

The provision for the payment of the fee direct to the attorney and for the order to be made in his name

did not find its way in the statute until 1939. Prior to that time, all fees were payable to the wife and the attorney had no right to an order for payment direct to himself. It will be observed that this provision is applicable only to final orders for the payment of fees in connection with a decree of divorce in favor of the wife or the refusal of one to a husband. Dean Gavit, in his work on Indiana Pleading and Practice, in Note 30, p. 1734, Vol. 2, says:

> "Prior to 1939 an order for attorney's fees was always in the nature of reimbursement to the wife, and the attorney had no interest in it and it was improper to order payment to the attorney. *Doench* v. *Doench* (1938), 214 Ind. 559, 564, 16 N. E. (2d) 877, 118 A. L. R. 1134. As amended in 1939, the statute preserves this rule as to orders pending litigation but provides for an order to pay to the attorney on final decree."

In the case before us there was no decree of divorce in favor of the wife or refusing one on the application of the husband. The latter part of the statute providing for payment of fees direct to and in the name of the husband, is therefore, not applicable. The earlier part of the statute, with reference to interlocutory orders relative to attorney fees pending litigation, is the portion that is applicable, if any, and under this portion of the statute only the wife is entitled to such payment. *Garrison* v. *Garrison* (1898), 150 Ind. 417, 419, 50 N. E. 383; *Doench* v. *Doench* (1938), 214 Ind. 559, 564, 16 N. E. (2d) 877; *Smith* v. *Smith* (1940), 217 Ind. 55, 57, 26 N. E. (2d) 41. In *Doench* v. *Doench, supra,* there was an order that the husband pay a certain sum to the wife's attorney for his services rendered the wife in the divorce action. The order was attacked, and we said on page 564,

speaking of the statute now under consideration and of cases bearing thereon:

> "From the cases above cited and quoted from we do not think the above quoted statute was ever intended to be for the benefit of wife's counsel. The statute does not authorize such payment to be made to the wife's counsel. When counsel fees are ordered paid they are ordered as part of the wife's reasonable expenses and when collected she may apply it as may be necessary for prosecuting or defending her suit. The order should be made to the wife and not to her attorney. That part of the judgment ordering appellant to pay . . . plaintiff's attorney, for his services as attorney for plaintiff is irregular and void."

In a note in 118 A. L. R. at page 1138, it is stated that by the great weight of authority, an order made in a divorce suit for payment of the wife's counsel fees must read that they be paid to her, rather than directly to her attorney or attorneys, and numerous cases are cited in support of this statement. The editor also says parenthetically that most of these cases support the proposition that orders providing for payment directly to the attorney are void, as was held by this court in *Doench* v. *Doench, supra.*

In *Smith* v. *Smith, supra,* there was a judgment that plaintiff, a wife, recover from her husband in a divorce case an attorney fee "for the use of her counsel." It was held that the effective part of the judgment was that plaintiff recover the sum named and that the language "for the use of her counsel" was surplusage and that "the attorney acquired no rights under the judgment." This judgment was part of a final decree of divorce and was made before the statute was amended to permit final orders to be made in the name of an attorney and for the payment direct to him of the fee allowed. The statute as to final allowance was then

the same as the provision for interlocutory orders is now, and therefore what is said is applicable to the case before us. Applying the language of the *Smith* v. *Smith, supra,* to the case before us leads inevitably to the conclusion that relator would acquire no rights under an order requiring the husband to pay direct to him a fee fixed by the court for relator's services to the wife which was the type of order requested in his petition to which a demurrer was sustained.

Even if otherwise so disposed, we would not mandate the respondent to set aside a dismissal for the purpose of hearing evidence on a petition asking an order under which when and if made relator would acquire no rights.

It is well established that this court will not exercise its extraordinary right of mandate to require a lower court to do something which involves the exercise of judicial discretion.

Whether or not the trial court should vacate the judgment of dismissal of the divorce action was a matter for the exercise of judicial discretion. *State ex rel.* v. *Superior Court of Madison County* (1940), 216 Ind. 641, 644, 25 N. E. (2d) 642. That was an original action for a writ of mandate to require the trial court to vacate a judgment denying plaintiff a divorce upon his complaint and denying defendant a divorce upon her cross-complaint. In deciding the case this court said, on page 644:

> ". . . The action of the trial court in refusing to reopen the case to hear evidence as to the value of said services was a matter of discretion which is not here for review. . . ."

And it was indicated that whether there was an abuse of discretion could be raised only by appeal, and that whether relators had such an interest in the judgment

as will authorize them to appeal can be determined when and if they attempt to do so.

This case of *State ex rel.* v. *Superior Court of Madison County, supra,* is the only original action to which relator has called our attention. As we read that case it decides nothing that is favorable to relator's contention. In the trial court the attorneys for the wife failed to introduce evidence as to the value of their services. At the conclusion of the evidence, but before the court's finding was announced, the wife's attorneys requested orally that they be permitted to offer such evidence. This request was denied and the court found against plaintiff on his complaint and against defendant on her cross-complaint and entered judgment accordingly. Thereafter, and during the term, relators, who were the attorneys for the defendant wife, filed in said cause their motion to vacate the judgment and to modify same by having an order made to require the plaintiff in the divorce action to pay a reasonable sum as attorneys' fees for the defense of the wife in said suit. The trial court struck out relators' motion on the grounds that they were not parties of record and that the court was without jurisdiction to pass upon the matters presented thereby. The attorneys for the wife then filed their original action in this court to mandate the trial court. The right of the attorneys to bring the action and the right of the attorneys to seek to require the plaintiff in the divorce action to pay a reasonable sum as attorneys' fees direct to them were not considered or discussed by this court and a writ of mandate was denied. We do not, therefore, consider this case as deciding that fees may be allowed direct to attorneys upon their own petitions, particularly in view of the *Doench* v. *Doench* and *Smith* v. *Smith* cases, *supra.*

The primary relief which the relator seeks here, prerequisite to his ultimate desire for attorney fees, is to have this court mandate the respondent judge to overrule a demurrer to his petition in the court below and then, in accordance with said petition, to vacate the judgment of dismissal. A ruling upon a demurrer is certainly a judicial act. Fundamentally it involves the application of law to admitted facts. Whether or not there should be a vacation of the judgment of dismissal also involves the exercise of judicial discretion. Both being judicial acts and requiring the exercise of discretion, they are not such acts as this court has the right to mandate a trial court to take. The relator further asks us to mandate the trial court to grant him a hearing on relator's petition for attorney fees and judicially to determine and order paid to him a reasonable fee, but, until and unless this court mandate the respondent to reverse his action upon the demurrer to relator's petition and upon the motion to vacate the judgment of dismissal, the hearing upon relator's fee could not be held and the fee could not be fixed and could not be ordered paid, and mandate to respondent to so proceed must be denied.

The relator urges that the case of *Davis* v. *Davis* (1895), 141 Ind. 367, 373, 40 N. E. 803, is helpful to her, but on the question, which to us is fundamental, that case is not at all like the case before us, because in the Davis case the petition to have a decree of divorce set aside was by the wife, not the attorney, and the request was that the court make an allowance to the wife, not to the attorney, and the court did order the appellant to pay the wife, not the attorney. It is emphasized in several places that in awarding an allowance to the wife the court was exercising a discretionary power

granted to it by the first clause of the statute and it is said:

". . . This provision of the statute invests the court with *discretionary powers* in an action for a divorce in making interlocutory orders during the pendency of the action against the husband in favor of the wife for a temporary allowance of what is generally denominated in law as 'suit money.' . . ." (Our italics.)

In the Davis case the decree was set aside and an order was made direct to the wife, not to the attorney, and the question of abuse of discretion could be and was presented to this court upon an appeal by the husband. In the case before us, we have an entirely different situation. We do not have an appeal but an original action for mandate wherein the exercise of judicial discretion cannot be disturbed.

Relator further urges the case of *Yost* v. *Yost* (1895), 141 Ind. 584, 41 N. E. 11. As in the Davis case the Yost case involved an order upon the defendant to pay a certain sum to the plaintiff, not her attorneys, which the plaintiff thought was too small. The plaintiff appealed and this court held that the allowance made to the plaintiff was too small and that the trial court had not exercised sound discretion in allowing only the amount it did. Whether there was an abuse of discretion could be presented on appeal in that case but cannot be in this original action for mandate. It will be borne in mind that there was an allowance of $75 for attorney fees in the final decree of divorce in the case before us. This was done pursuant to the first provision of the statute permitting allowances to a wife to meet the expenses of the litigation including attorney fees. In awarding the allowance for attorney fees the court exercised discretionary power given to it by the statute.

*Davis* v. *Davis, supra; Courtney* v. *Courtney* (1892), 4 Ind. App. 221, 224, 30 N. E. 914; *Hetherington* v. *Hetherington* (1928), 200 Ind. 56, 60, 160 N. E. 345. There may have been an abuse of discretion in fixing this amount, but if there there was the remedy was by appeal.

Relator also cites and relies upon *Courtney* v. *Courtney, supra,* and *Hilker* v. *Hilker* (1899), 154 Ind. 425, 55 N. E. 81, in both of which the payment of fees direct to attorneys was approved. To the extent that these cases approve orders for the payment of fees direct' to attorneys they are in direct conflict with *Doench* v. *Doench, supra,* and *Smith* v. *Smith, supra.* These last named cases are all much later than the cases relied upon by relator and we choose to follow the later cases.

We have reached the conclusion that relator had no right to the order which he asked in his petition to the trial court, and that if such order as he requested had been made he would have acquired no right to the collection of any fee under it. We are also of the mind that the ruling upon the demurrer to relator's petition and the vacation of the judgment of dismissal, both of which are prerequisite to the hearing and allowance sought involved the exercise of judicial discretion by the trial court with which this court has no right to interfere by mandate.

The alternative writ issued herein is dissolved and a permanent writ is denied.

Emmert, C. J. and Gilkison, J. concur in the result.

NOTE.—Reported in 75 N. E. (2d) 788.