## HARDY *v.* HARDY

[No. 28,670.   Filed May 12, 1950.]

*Allen & Allen,* of South Bend, for appellant.

*Samuel Schulman,* of South Bend, for appellee.

YOUNG, J.—This was an action wherein the appellant sought an order of the trial court for a decree of separation from bed and board for a period of three years and that she be granted the care and custody of the minor children of the parties hereto.

On May 27, 1949, an order was made requiring the appellee to pay the Clerk of the Court for use of plaintiff in preparation and trial of her cause $30 in 30 days, $30 in 60 days and $40 in 90 days or a total of $100. Thereafter, on September 12, 1949, a petition for rule to show cause why said order had not been complied with was filed by Elizabeth Fletcher Allen, one of the attorneys for the plaintiff. Still later, on September 30, 1949, the defendant filed a motion to discharge said rule upon the ground that the petitioner was not a proper party therein; that the appellee was not ordered to pay for the services of plaintiff's attorney the sum of $100; that the plaintiff and defendant had become reconciled after the date of the entry of such order was entered; that they resumed cohabitation and said order became of no force and effect by reason thereof; and that as a result of the situation thus arising appellee is not indebted to the petitioner herein.

It will be observed that the order made by the trial court in this cause requiring defendant to pay the sum of $100 was not designated to be for the benefit of her attorneys. It could be collected and applied by her in any manner she might decide was necessary in prosecuting her suit, *State ex rel. McNabb* v. *Allen Superior Court No. 2* (1947), 225 Ind. 402, 75 N. E. 2d 788, 793, and, inasmuch as the defendant was not ordered to make payment of attorney's fees to Elizabeth Fletcher Allen, and the record fails to show that the defendant is indebted to Elizabeth Fletcher Allen, she is not a proper party to make such application in this proceeding.

Where the parties to an action for divorce have become reconciled and have resumed cohabitation such action operates to end the litigation and it cannot be continued for the purpose of fixing or assessing attorneys' fees. *State ex rel. McNabb* v. *Allen Superior Court No. 2, supra;* 5 Am. Jur. 373; 45 A. L. R. 941. Beginning on page 941 of 45 A. L. R., it is stated that the better rule, and the rule supported by the majority of the decisions, is to the effect that where the parties to a suit for divorce have abandoned their suit, condoned their offenses, and resumed their marital relations, such action operates to end the litigation, and it cannot be continued by counsel for the complaining spouse. To permit such action would be a continuance of the litigation after the parties have put an end to it and would have a tendency to break up the reconciliation and cause a resumption of the litigation. In support of this rule there are numerous cases cited in 45 A. L. R. 941, from Alabama, California, Florida, Georgia, Illinois, Iowa, Nebraska, New Jersey, New York, Tennessee and Washington, and, if the rule is to be recognized in the case before us, it follows that any effort to enforce the rule would result in a violation of the public policy which prompted the rule.

Under our present divorce statute, § 3-1216, Burns' 1946 Replacement, such an order as is appealed from in this case could not be disturbed. Under that statute the order must of necessity be made payable to the wife and such an order made payable to the wife's attorney would be absolutely void. *Garrison* v. *Garrison* (1898), 150 Ind. 417, 419, 50 N. E. 383; *Doench* v. *Doench* (1938), 214 Ind. 559, 564, 16 N. E. 2d 877; *Smith* v. *Smith* (1940), 217 Ind. 55, 57, 26 N. E. 2d 41; *State ex rel. McNabb* v. *Allen Superior Court No. 2, supra.*

In the absence of any showing of error the judgment in this case must be and is affirmed.

NOTE.—Reported in 92 N. E. 2d 221.