STATE EX REL. DUNN *v.* CIRCUIT COURT OF MORGAN
COUNTY ETC. ET AL.

[No. 29,979. Filed December 2, 1960.]

*Hall Cochrane,* of Indianapolis, for relator.

*Charles H. Foley,* of Martinsville, *Carl T. Reis* and
*White, Raub & Forrey,* of Indianapolis, for respondents.

BOBBITT, C. J.—Relator seeks a writ of prohibition to
restrain respondents from proceeding further with the
reinstatement of a divorce action which had previously
been dismissed on motion of the plaintiff, relator herein.
We issued a temporary writ.

Such divorce action was filed in the Marion Circuit
Court and subsequently venued to Morgan County. On
May 31, 1960, no cross-complaint having then been

filed, plaintiff-relator filed his written dismissal which was granted on June 1, 1960. On June 3, 1960, the defendant-wife filed her verified petition to reinstate the cause of action alleging that the order of dismissal was obtained by misrepresentation and the withholding of information from the court, and that the plaintiff-relator failed to inform the court that he had not complied with an order entered on April 14, 1960, wherein he was found to be in contempt of court for failure to pay delinquent support payments, and to pay a fee to defendant's attorney, and further that such delinquent support payments and attorney's fee were still unpaid on June 2, 1960. The petition further alleged that defendant-wife desired to cite plaintiff-relator for contempt of court but was unable to do so because of the dismissal of the divorce action.

The petition to reinstate was granted and on June 4, 1960, the court issued an order commanding plaintiff-relator to appear on or before June 14, 1960, to show cause why he should not be punished for contempt of court.

Whether or not the trial court, respondents here, should have vacated the judgment dismissing the divorce action herein was a matter within its judicial discretion. *State ex rel. McNabb* v. *Allen Sup. Ct.* (1947), 225 Ind. 402, 418, 75 N. E. 2d 788; *State ex rel.* v. *Superior Court of Madison County* (1940), 216 Ind. 641, 644, 25 N. E. 2d 642. This court will not exercise its extraordinary power of mandate and prohibition to require a lower court to refrain from doing something which involves the exercise of judicial discretion. An abuse of discretion can be raised only by appeal.

The temporary writ heretofore issued is dissolved and a permanent writ denied.

Landis, Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 443.